## MERRIAM *v.* HAAS.

**APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF MINNESOTA.**

No. 77.  Argued and submitted December 23, 1864. — Decided January 23, 1865.

A loan was negotiated through a banker, who received the money from the lender, and failed before the borrower called for it. *Held*, on the facts disclosed by the proof, that he held it as the agent of the borrower.

THE case is stated in the opinion.

MR. JUSTICE MILLER delivered the opinion of the court.

This is a suit to foreclose a mortgage for six thousand dollars, given to secure a loan of money. It is conceded that at the time the mortgage was executed and delivered, only four thousand dollars of the loan were received by defendant; it being stipulated that the remaining two thousand dollars were to be advanced when defendant should finish a building on the lot conveyed by the mortgage, and cause it to be insured for the benefit of plaintiff.

The loan was negotiated in some part through the banking house of Caldwell & Co., of St. Paul, where the defendant resided.

On the 30th day of July, the defendant brought to Caldwell & Co. the policy of insurance, and satisfied them that the condition on which he was to receive the last two thousand dollars had been complied with, and Caldwell & Co. drew on plaintiff residing in Boston, for that sum, and the draft was duly honored.

On the 9th day of August, Caldwell & Co. failed, without having paid over the money to defendant; and the sole question in the case is, for which of the parties to this suit did they hold the money at the time of their failure.

It is a mere question of the weight of testimony, and we are not able to see that any principle can be settled or illustrated by its discussion. It is perhaps sufficient to say that the testimony satisfies us that the money was held by the bankers as a deposit to the credit of the defendant, and that he knew and so understood it before their failure.

We will mention only a few of the reasons which induce this belief. Caldwell, one of the banking firm, testifies that it was under the instruction and at the request of defendant, that he drew on plaintiff for the money; that in doing so, he acted solely for defendant, and that on the day of the date of the draft, he permitted defendant to check against this money on his bank for the sum of two hundred and fifty dollars, and that in all defendant checked on him against that fund for over eight hundred dollars.

The clerk and bookkeeper of Caldwell & Co. testifies, that on the day the draft was drawn, defendant was credited on their books for two thousand dollars on account of said draft, and that he continued to draw it out by checks, until they amounted to over eight hundred dollars, at the day of their failure.

The pass-book of *plaintiff* with Caldwell & Co. is produced by himself, and shows a credit of two thousand dollars, dated August 30; but as this was some time after their failure, and after they had had this pass-book in their hands, it is evidently a mistake as to date. The clerk above mentioned says it was intended for August 1, as the arrangement was made on Saturday, July 30, after banking hours, and it was his custom to carry such transactions on the books of the next business day. This explanation seems reasonable, and as he swears that it conforms to the memorandum on his blotter, we see no reason to doubt it. The checks are shown which defendant drew between July 30 and August 9, and it is not denied that unless drawn against this money, the defendant was overdrawing his account. No proof is offered of any agreement or customary dealing by which he was authorized to do this.

These facts leave no doubt on our minds that the money must be considered at the time of the assignment of Caldwell & Co., a credit of the defendant with them, with his knowledge and consent, and the loss must be his.

The decree of the District Court is therefore

*Reversed with costs, and the case remanded to the Circuit Court for the District of Minnesota, with directions to enter a decree in conformity with this opinion.*

*Mr. Lorenzo Allis* for appellant.

*Mr. J. M. Carlisle* and *Mr. C. D. Gilfillan* for appellee.