FOSTER *v*. ELSWICK.

Opinion delivered April 9, 1928.

1. VENDOR AND PURCHASER—REASONABLE TIME TO PERFECT TITLE.— Where, in an agreement for the sale and purchase of real estate, no definite agreement was entered into with regard to time in which the vendor should perfect title, he is allowed a reasonable time.

2. ESCROWS—LOSS OF ESCROW DEPOSIT.—Where, under an escrow agreement, a vendor had no right to money for the sale of land until she perfected her title, and while she was attempting to do so, and without unreasonable delay, the bank in which the escrow deposit was made failed, the loss fell upon the purchasers, and not upon the vendor.

Appeal from Washington Chancery Court; *Lee Seamster*, Chancellor; affirmed.

*G. T. Sullins*, for appellant.

*John N. Tillman, W. A. Dickson* and *Price Dickson*, for appellee.

HUMPHREYS, J. Appellants instituted suit against appellee in the chancery court of Washington County to enforce the specific performance of a contract of sale and purchase of appellee's farm, located in said county. It was alleged that appellants contracted to buy said farm for $3,000 from appellee, and that the consideration, together with a warranty deed from her, describing the land, were placed in the First National Bank of Lincoln, Arkansas, under an escrow agreement to the effect that, when appellee furnished an abstract showing a merchantable title to the lands in herself, the consideration of $3,000 should be paid to her and the deed delivered to appellant. It was also alleged that when the abstract was presented it contained defects, but that appellants offered to waive the defects and accept the deed to the land, the possession thereof having been surrendered to them at the time the escrow agreement was entered into.

Appellee filed an answer, admitting the escrow agreement but denying that she delivered possession of more than three rooms of her home to appellants, which the escrow agreement provided she should do, or that

appellants offered to waive the defects in the title and accept the deed until after the bank had mingled the escrow deposit of $3,000 with its other funds and its doors had been closed on account of insolvency. She prayed for the return of her deed and the possession of the farm.

The cause was submitted upon the issue joined by the pleadings and the testimony adduced by the respective parties, which resulted in a decree dismissing appellants' complaint for want of equity, and adjudging a return of the deed, together with possession of the farm, to appellee, from which an appeal has been duly prosecuted to this court.

The escrow agreement was entered into on the 18th day of December, 1926, and it, together with a warranty deed from appellee to appellants and the consideration of $3,000, were placed in escrow in the First National Bank of Lincoln, Arkansas. The agreement provided that, when appellee should furnish an abstract showing a merchantable title to the land in herself, the consideration of $3,000 should be delivered to her and the deed to appellants. Pending the preparation of the abstract, appellee allowed appellants to take possession of three rooms in her residence. When the abstract was furnished, on or about the 12th day of January, 1927, appellant, Walter Foster, refused to accept it, on account of alleged defects in the title, and demanded that his money be returned to him and appellee's deed to her. Appellee would not consent, and, in an effort to cure the alleged defects shown by the abstract, brought suit in the chancery court of Washington County to quiet her title. During the pendency of the suit, appellee went to Oklahoma to visit her daughter. The bank failed on February 2, 1927. The escrow money deposited by appellants had been mingled with the other funds of the bank, and there was only $300 in cash in the bank at the time of the failure. After the failure, appellants insisted that appellee present the claim for the escrow money to the

receiver and that the escrow deed be delivered to them. Appellee refused to accept the claim against the bank in payment for her land, and the suit for specific performance followed.

The question presented by this appeal for determination is whether funds deposited in escrow pending procurement of title belong to the vendor or the vendee. The escrow agreement provided that the money and deed should remain in the bank until appellee could furnish an abstract showing a merchantable title to the land in appellee. It also provided that, when appellants accepted the abstract, the bank should turn the money over to appellee. When the abstract was furnished, on January 12, 1927, appellants claimed it showed a defective title, and demanded a return of their money, but appellee insisted upon carrying the contract out and having further time to perfect the title. As no time was specified in the agreement for perfecting the title, appellee had a reasonable time within which to do so. Under the escrow agreement she had no right to the money until she perfected her title. She was attempting to do this, and without unreasonable delay, at the time the bank failed. During such period the money was the property of the vendee and not of the vendor. Of course, if the money had been lost on account of an unreasonable delay on the part of appellee in perfecting her title, the loss should have been charged to her. Appellants should have waived the defects in the title before the bank failed, instead of waiting until after that event had happened. If they had waived the defects, the escrow agreement would have been performed. The undisputed fact is that they did not waive or attempt to waive the defects until after the money had been lost.

The decree of the trial court was correct, and should be and is affirmed.