FRISCH and wife, Plaintiffs and Respondents, vs. SHANK-WITZ and wife, Defendants and Appellants, FREIBURG, imp., Defendant and Respondent.

*September 13—October 11, 1932.*

*R. H. Morris* of Clintonville, for the appellants.

*Leonard F. Schmitt* of Merrill, for the respondents Frisch.

*F. J. Smith* of Merrill, for the respondent Freiburg.

NELSON, J.   In 1922 the defendants owned land in Lincoln county upon which there existed a $1,000 mortgage.

They wished to obtain a new mortgage loan in the amount of $1,500 so as to pay up the old mortgage and have $500 for other purposes. They went to R. B. Runke, an attorney at law at Merrill, Wisconsin, who was known to them to be a loan agent and dealer in mortgages. Runke obtained the desired loan for them and, on the 18th day of February, 1922, they duly executed their note for $1,500 bearing interest at seven per cent. and a mortgage to secure the same payable to one Naffz, from whom Runke procured the loan. The note was payable five years after its date at Runke's office. The mortgage was, on the 13th day of March thereafter, assigned by Naffz to one John Robl, who thereafter, on September 29, 1926, assigned the mortgage and the indebtedness secured thereby to Lena Freiburg, a resident of Merrill, who obtained the mortgage through the Runke office with the understanding that, although it bore interest at the rate of seven per. cent., she was to receive only six per cent. on her $1,500 invested therein. At all the times hereinafter mentioned she kept the note and mortgage in her possession. Some time after executing the note and mortgage defendants removed to Chicago. The defendants paid their interest from time to time when due. The note, as before stated, was to become due May 18, 1927. Under date of February 12, 1927, Mr. Shankwitz wrote a letter to Runke, in which he inclosed $505 in money orders with which to pay one year's interest amounting to $105 and $400 on the principal. He wrote among other things as follows:

"That is the best I can do until next February and I will be able to pay you the balance, and wish you would please send me a receipt for the amount, and wish you would let me know if you will make out another mortgage for the $1,100."

On February 16th thereafter Runke acknowledged the receipt of the $505 and inclosed a formal receipt for the

amount received. Of the amount received by Runke he remitted to Mrs. Freiburg, on February 21st, the sum of $436.25, which covered the $400 payment on the principal of her mortgage and interest from the date of her purchase of the mortgage at the rate of six per cent. On April 25th Runke wrote to Mr. Shankwitz as follows: "I think it would be best for you to get a new loan for $1,100 and cancel the other one."

Whether any other letters passed between Runke and Mr. Shankwitz between February 12th and April 25th does not appear. Under date of May 2d Runke wrote a letter to Mr. Shankwitz in which he acknowledged receipt of a registered letter in which a money order for $100 was inclosed. In that letter Runke inclosed a note and mortgage covering the defendants' lands, dated April 18, 1927, payable to Lena Freiburg one year after date. Runke informed Mr. Shankwitz of the amount of interest necessary to take care of the interest on the balance of the existing loan for two months, or up to April 18th. The defendants signed the note and mortgage and returned them to Runke without witnesses or acknowledgment, together with $12.84, the amount of the requested interest. Under date of May 9th Runke acknowledged the receipt of the $12.84 and returned the note and mortgage to the defendants for the reason that the mortgage was neither witnessed nor acknowledged. Whether the defendants returned this note and mortgage to Runke does not clearly appear. The note and mortgage were, however, produced by the defendants upon the trial. On or about the 12th day of May the defendants signed another note dated April 18, 1927, and another mortgage dated May 12th which was duly witnessed by a Chicago lawyer and a Chicago notary and which was duly acknowledged by the defendants. That note and mortgage were payable to Ignatz Frisch and Emilie Frisch, husband and wife, the

plaintiffs herein. The one thousand dollar mortgage above mentioned, which was payable to Mrs. Freiburg, was in fact never witnessed or acknowledged. The note and mortgage payable to the Frisches were evidently returned to Runke (although no accompanying letter was produced), who delivered them to the Frisches, who paid over to Runke the sum of $1,000. After Runke received the money he converted it to his own use instead of paying it over to Mrs. Freiburg. Mrs. Freiburg had not placed her mortgage in the hands of Runke for collection and was wholly ignorant of the dealings which were had between the defendants and Runke or Runke and the Frisches. It appears that Runke committed suicide early in 1930.

The trial court found, among other things, that the defendants executed the note and mortgage and returned them to Runke, their agent, to deliver the same to the Frisches, and receive the $1,000 on behalf of the defendants; that Runke was acting as the agent of the defendants when he obtained the loan from the plaintiffs, for which the mortgage in the amount of $1,000 was executed by the defendants to the plaintiffs; that Runke received from the plaintiffs $1,000 for this mortgage, on behalf of the defendants for whom he was acting at that time, and that Runke misappropriated the $1,000 to his own use instead of paying it over to Lena Freiburg. The trial court concluded that the plaintiffs were entitled to the relief demanded in their complaint and ordered judgment of foreclosure and sale. Defendants excepted to the findings of the court that at the time Runke delivered the note and mortgage to the Frisches and received the $1,000 he was acting as their agent. The defendants contend here that such findings are against the clear preponderance of the evidence, and further contend that at the time Runke received the $1,000 he was acting, not as the agent of the defendants but as the agent of Mrs.

Freiburg; that the money was received by Runke as the agent of Mrs. Freiburg, and that consequently the loss resulting from his misappropriation of the moneys should fall upon her rather than upon them.

It is very apparent that this controversy involves merely a question of fact and that that question was peculiarly one for the trial court to determine. The sole question is, For which of the parties did Runke receive the money and possess it at the time it was converted? Compare *Merriam v. Haas*, 154 U. S. 542, 14 Sup. Ct. 1159; *Engleman v. Reuse*, 61 Mich. 395, 28 N. W. 149; *Murphy v. Becker*, 101 Minn. 329, 112 N. W. 264 (wherein the facts are quite similar to those in the present case); *May v. Mutual Benefit Life Ins. Co.* 72 Mo. App. 286; *Owings v. Howington*, 31 Okla. 651, 124 Pac. 1058; *Fatta v. Edgerton*, 157 App. Div. 852, 143 N. Y. Supp. 225; *Larson v. Butler*, 26 N. Dak. 426, 144 N. W. 1077.

We have carefully examined the whole record with the result that we conclude that the findings are amply supported by the evidence and that there is almost a complete dearth of evidence even tending to prove that Runke was, at the time of receiving the money, acting as the agent of Mrs. Freiburg. As hereinbefore stated, Mrs. Freiburg at all times had the possession of the note and mortgage. There is nothing in the record tending to show that she was anxious to have her mortgage paid at maturity or that she had authorized or requested Runke to collect it. The fact that she retained the note and mortgage in her possession would tend strongly to rebut any inference that Runke was acting as her agent at the time he received and misappropriated the $1,000. *Wiesner v. Kosiedowski*, 182 Wis. 521, 193 N. W. 374, 197 N. W. 208; *Bartel v. Brown*, 104 Wis. 493, 80 N. W. 801; *Kohl v. Beach*, 107 Wis. 409, 83 N. W. 657. Unfortunate as the outcome of this action is for the defendants, it is only just, under all of the circumstances,

that the loss resulting from Runke's unfaithfulness should fall upon those who intrusted to him the delivery of their note and mortgage to the Frisches and who thereby authorized him to receive the $1,000 which he misappropriated instead of paying it over to Mrs. Freiburg.

*By the Court.*—Judgment affirmed.