ELSINGER, Respondent, vs. ELSINGER, Appellant.

*February 6—March 6, 1951.*

*J. E. O'Brien* of Fond du Lac, for the appellant.

For the respondent there was a brief by *Hooker & Wagner* of Waupun, and oral argument by *W. A. Wagner.*

MARTIN, J. This is an action for divorce brought by the husband against the wife on grounds of cruel and inhuman treatment. The answer denies the charge and asks that the complaint be dismissed. There was no counterclaim for divorce.

The parties were intermarried on June 8, 1909, in the town of LeRoy, Dodge county, Wisconsin. There has been

no prior action for divorce. Nine children were the result of the union, five girls and four boys, all now married excepting Theodore, twenty-four years of age, who has always worked and lived on the farm with his parents.

The appellant herein asserts the doctrine of recrimination, and relies upon that portion of the complaint which states "that the defendant slept in the same room with her son, Theodore Elsinger, and when the plaintiff protested against this, the defendant informed him that she could sleep with her son in the same bed. . . ."

On trial, the defendant was called and examined adversely as to sleeping arrangements in the house. She testified that: Tommy, the grandchild, slept in the room with her, and Teddy, the son, had always slept there. Mr. Elsinger always slept downstairs. He never complained about the way they slept in the house.

"*Q.* Now in this room that you and Ted occupy, was there one double bed in there or what was in there? *A.* There were two double beds in there.

"*Q.* Did you dress and undress in that room? *A.* No.

"*Q.* Did Ted dress and undress in that room? *A.* Well there was a curtain between.

"*Q.* But that's all there was between you? *A.* Yes.

"*Q.* And where did you dress and undress? *A.* In the other bedroom.

"*Q.* And you walked in there in your night clothes and went to bed? *A.* Ya."

Plaintiff contends that one of the grounds relied upon in seeking his divorce is that he had been denied his husband's right of consortium, and to establish such denial it was necessary to go into the sleeping arrangements practiced in the household and the measures practiced by the defendant to deny the plaintiff access to her room.

We do not see any good purpose would be served by detailing the facts or testimony in this case, and will not incumber the opinion by reciting them.

The defendant, however, contended that the plaintiff had on numerous occasions, before friends and other members of the family, accused her of immoral relations with the son Ted and with one of the older sons when he was at home. Her charge in this respect was somewhat confirmed by the allegation in the complaint which implied some form of misconduct without any attempt at offering proof in support of it.

The plaintiff established that the wife and son treated him in such a cruel manner as to force him to leave the home of the parties by concerted effort, including physical force on the part of the son.

We are of the opinion that the doctrine of recrimination applies and that under such doctrine the wife was entitled to prove, if such is the fact, that the plaintiff was guilty of cruel and inhuman treatment toward her in making false accusations of the nature stated and also because it would tend to show provocation of the conduct on her part and the part of her son which, standing unexplained, amounts to cruelty by her.

The trial court erred in refusing to admit such testimony. The judgment must therefore be reversed.

*By the Court.*—Judgment reversed and cause remanded for a new trial.