TURCK and wife, Appellants, vs. SEEFELDT and wife, Respondents.

*January 10—February 8, 1955.*

For the appellants there was a brief by *George A. Hartman, Robert G. Hartman, Leo C. Hartman,* and *George A. Hartman, Jr.,* all of Juneau, and oral argument by *Leo C. Hartman.*

For the respondents there was a brief by *Thiel & Allan* of Mayville, and oral argument by *Lloyd C. Allan.*

BROWN, J.    Findings of fact by the trial court are not to be reversed unless contrary to the great weight and clear preponderance of the evidence. *MacPherson v. Strand* (1952), 262 Wis. 360, 55 N. W. (2d) 354; *Estate of Schaefer* (1952), 261 Wis. 431, 437, 53 N. W. (2d) 427. The appellant submits that the findings are not supported by

the evidence. The foregoing statement of facts, culled from the record, and the reasonable inference therefrom, which the trial court was privileged to draw, affords the findings the necessary support. We do not imply that if the trial court had found otherwise, as appellant insists it should, such findings could not stand, but only say that the findings actually made are not against the great weight and clear preponderance of the evidence. Appellant lays stress on *Frisch v. Shankwitz* (1932), 209 Wis. 76, 244 N. W. 564, a case in which the facts have considerable resemblance to the one at bar, though with important differences; notably that the note and mortgage in that case were ready for delivery and that the person whom the defendants unsuccessfully sought to charge as principal had not engaged the embezzler to perform any services for her and was not even aware of his activities. But the striking feature of *Frisch v. Shankwitz, supra,* as applied to the present case, is that even there this court said, page 80, "It is very apparent that this controversy involves merely a question of fact and that that question was peculiarly one for the trial court to determine."

So it must be here. There is evidence that Knoll and Seefeldt, in Turck's immediate presence, went over the terms of a construction loan, with the lender's money to be held by Knoll and released to Seefeldt as construction progressed and the value of the security increased; that the security was the two houses being built, whatever Knoll may have told Turck in Seefeldt's absence; that Turck listened to the discussion and assented to the details by nodding his head. Upon this theory of the case there was at least an escrow of the funds in the hands of Knoll and it is clear that if an escrow agent embezzles funds before the time has come to release them he has embezzled the money of the *depositor*. 19 Am. Jur., Escrow, p. 437, sec. 19; Anno. 39 A. L. R. 1080; *Hildebrand v. Beck* (1925), 196 Cal. 141, 236 Pac. 301, 39 A. L. R. 1076; *Foster v. Elswick* (1928), 176 Ark. 974, 4 S. W. (2d) 946,

57 A. L. R. 1244. Furthermore, if it can be·successfully contended .that under .any circumstances Seefeldt authorized Knoll to receive Turck's money for him, that authority was limited to the fulfilment of the conditions of the loan. To Turck's knowledge these contemplated: the . delivery of security to the lender. .There is nothing in the record that permits even the conjecture that Knoll was authorized or that Turck believed he was authorized to ignore the requirement of collateral and, as *Seefeldt's* agent, transform the transaction, for the time being at least, into an unsecured loan. If Turck was willing to go ahead on that basis, persuaded by Knoll and relying on him to procure the Seefeldt mortgage later, as Turck testified was the fact, it was he, not Seefeldt, who authorized the change and conferred on Knoll a new agency to see it through. Turck's money was thus embezzled by Turck's agent and Seefeldt is not to be charged with the loss.

The court's conclusions of law were to the effect that Knoll's status was that of a loan broker, not an agent authorized by Seefeldt as a principal to accept payment on his behalf; also, that payment made to Knoll by Turck before the note and mortgage were ready for delivery (and therefore before Seefeldt had any right to the money) with reliance on Knoll to procure a mortgage, was at Turck's risk; and that the loss consequent upon the embezzlement of the payment by Knoll before the execution of the mortgage and before Seefeldt had acquired any right or title to the funds must be borne by Turck.

We have some doubt that the evidence permits a finding or conclusion that Knoll was merely a broker without authority to accept a payment as agent for Seefeldt at a time when Seefeldt should be entitled to the money under the terms of the loan as discussed by Seefeldt and Knoll in Turck's presence and assented to by Turck. We have no doubt that the evidence supports the findings and conclusions

that Knoll had no authority, real or apparent, to act for Seefeldt under the changed conditions of the transaction as Turck and Knoll carried it out. Under such circumstances the risk of loss of the payment made to Knoll by Turck must be borne by the appellant.

*By the Court.*—Judgment affirmed. . . ·