BAHR, by Guardian *ad litem,* Respondent, vs. BAHR, Appellant.

*February 8—March 6, 1956.*

For the appellant there was a brief by *Winter & Winter* of Shawano, and oral argument by *Douglas D. Winter.*

For the respondent there was a brief by *Lehner, Lehner & Behling* of Oconto Falls, and oral argument by *Howard N. Lehner.*

Brown, J.   Both complaint and counterclaim alleged that the adverse party had been guilty of cruel and inhuman conduct, specifying particulars.   The trial court made findings of fact of which those now material are: Bahr argued with his wife, struck her, and insisted on being the boss.   He frequently told her to get out of the house and to get a divorce. He insisted on taking one of his girl friends along when he and Mrs. Bahr went out socially.   He called his wife obscene names in the presence of other people.   He wrongfully distrusted her and without reason accused her of infidelity.

Findings of fact by a court are not to be reversed unless they are contrary to the great weight and clear preponderance of the evidence.   *Turck v. Seefeldt* (1955), 268 Wis. 559, 563, 68 N. W. (2d) 534.   There was little support for the findings concerning Bahr's behavior except the testimony of Mrs. Bahr but under the circumstances we consider that is sufficient to support them except for those relating to Bahr's suspicions and accusations which we will refer to later.   The court was privileged to believe Mrs. Bahr's testimony, and her husband's conduct, without reliance on his distrust and accusations, as found by the court, furnishes the wife with grounds for divorce.

The difficulty comes from the omission of findings bearing upon Mrs. Bahr's conduct as testified to by Mr. Bahr and corroborated in many respects by other witnesses, including Mrs. Bahr.   Thus it appears without substantial dispute that Bahr was a hard worker and, within the limits of his pay as a truck driver, a good provider.   The parties were married in 1951 when the wife was sixteen and the husband nineteen years of age.   On about three occasions soon after the marriage, when he and his wife went out together, Mr. Bahr took along a young woman whom he had known before he and Mrs. Bahr were married.   Thereafter, as Mrs. Bahr testified, a friend introduced to her a young man named Joe. After that Joe came to the Bahr house nearly every day

while Bahr was away at work. Joe and Mrs. Bahr formed the habit of going out together, to taverns or other places where they could enjoy each other's society. When off on jaunts with Joe she testified that she sometimes left her two-and-one-half-year-old son with a neighbor or had some child come in to watch him, or left him in the home of Joe's mother. Mr. Bahr testified that he would come home to find his wife gone and the baby much in need of attention if, indeed, he could find the baby at all. In view of Mrs. Bahr's testimony, this is not open to doubt. There is further evidence that Joe brought Mrs. Bahr back to her home late at night and, on occasion, much the worse for wear. She admitted drinking in taverns without her husband though to a lesser extent than he claimed. She informed the court that she saw no harm in exchanging a goodnight kiss with Joe and did not disapprove of her association with him because he was not married.

Among the exhibits are notes from his wife which Mr. Bahr found on two occasions when he got home. One tells him that she has moved to an apartment and has taken the radio, leaving the television set for him. The other informs him that Joe is picking her up and they are going skating but she will be home that night, so leave the door unlocked. It is unnecessary to go into the evidence at length but, whether or not Joe had actually become her lover, it is clear from Mrs. Bahr's own testimony that the findings of fact that Mr. Bahr wrongfully distrusted her and without reason accused her of infidelity, in so far as the "wrongfully" and "without reason" are concerned, are contrary to the great weight and clear preponderance of the evidence.

Wisconsin recognizes the doctrine of recrimination. *Elsinger v. Elsinger* (1951), 258 Wis. 524, 46 N. W. (2d) 761; *Gordon v. Gordon* (1955), 270 Wis. 332, 71 N. W. (2d) 386. This is the doctrine that if the conduct of both parties has been such as to furnish grounds for divorce, neither of the parties is entitled to relief. 27 C. J. S., Divorce,

p. 623, sec. 67. There can be no doubt that we have that situation here.

The several admonitions given by the trial court to the plaintiff during the trial make it clear that the court believed the incriminating testimony and vigorously disapproved of her conduct. Under the circumstances we deduce that the court believed the marriage was wrecked, considered that it ought to be terminated, and thought that a termination upon the wife's complaint, a grant of custody to the wife and removal of the child to the home of the wife's parents, even though Mrs. Bahr had seriously erred in her marital obligations, was the best way out of a bad matter. If this was the court's conclusion we can find no philosophical fault with its disposition of the matter. We can only say that the law in Wisconsin, as we read it, does not permit. The established recrimination doctrine stands in the way of a decree in favor of either party as culpable as both are here. Some states, by statute or otherwise, have adopted a principle of "comparative rectitude" which gives the trial court discretion to grant a decree to the party, though not blameless, whose equities on the whole appear to the court to be superior. See *Hove v. Hove* (1945), 219 Minn. 590, 18 N. W. (2d) 580, as annotated in 159 A. L. R. 731. As this principle effectively contravenes the established doctrine of recrimination, if it is to be espoused in this state the action should come through the legislature.

We conclude that under the circumstances shown by this record neither party may divorce the other.

*By the Court.*—Judgment reversed, and cause remanded with directions to vacate the judgment and enter a new one dismissing both the complaint and the counterclaim.