HEUP, Respondent, v. HEUP, Appellant.

*No. 105. Argued October 27, 1969.—Decided December 2, 1969.*
(Also reported in 172 N. W. 2d 334.)

72

For the appellant there was a brief and oral argument by *Roland J. Steinle, Jr.*, of Milwaukee. There was also oral argument by *Harvey W. Heup* of Grafton, *pro se*.

For the respondent there was a brief by *Niebler & Herro*, attorneys, and *Marshall J. Herro* of counsel, all of Milwaukee, and oral argument by *Marshall J. Herro*.

HALLOWS, C. J. In its opinion, the trial court took particular care to set forth why he believed the testimony of the plaintiff and did not believe the testimony of the defendant where their testimony was in conflict. From a review of the record, this court cannot say as a matter of law the trial court was in error in its determination of credibility; therefore, we accept the facts as found by the trial court.

In respect to the annulment claim, the trial court held in its decision, "no fraud has been established; and the request of the defendant for an annulment cannot be granted." In regard to the contention of recrimination, the court concluded in its written opinion, "In his answer defendant sets forth allegations that plaintiff is guilty of recriminatory conduct. Any so-called recrimination was slight where uncontroverted and not sufficient to bar the suit of plaintiff." On this appeal, the defendant claims the trial court was in error on these issues.

There can be no question the plaintiff is entitled to a divorce on the ground of cruel and inhuman treatment if the charges of fraud and recrimination fail. The parties were married October 10, 1964. The trial court found that during the marriage the defendant pursued a course of cruel and inhuman treatment toward the plaintiff, consisting of beating the plaintiff on one occasion about the face and body, which caused a marked discoloration and swelling of her left-eye region and swelling and bleeding to her mouth; on another occasion he struck the plaintiff with force immediately prior to the parties' attending a Christmas party; he constantly criticized the plaintiff, called her a sinner and claimed the Bible gave him the right to beat her as long as he did not use a stick bigger than his thumb; he criticized her for not being religious enough and stated she would go to hell if she did not do what he said; he criticized her for eating crackers in bed, for eating too much, for reading books of which he disapproved, for watching television shows of which he disapproved; he complained she planted the flowers wrong, shoveled the walk wrong, cut the grass wrong, planted the garden wrong and planted the wrong things in the garden, painted her nails the wrong color, combed her hair the wrong way, and found fault with the plaintiff in other respects; and further, the court found defendant dominated the plaintiff and denied her the right to have ideas of her own. On these facts, which affected her mental health and the marital relations, the trial court granted Judi Heup an absolute divorce.

*Fraud.*

The defendant contends that his counterclaim should have been granted and the marriage declared void on the ground of fraud. Specifically, he alleges the plaintiff represented and convinced him before the marriage that she wanted children of the marriage when in fact she

did not intend to have children. He argues her expressed intention was fraudulent because after the marriage she maintained she did not want to have children and took pills to prevent conception. A marriage may be annulled for fraud at the suit of the innocent party unless the marriage has been confirmed by the acts of the injured party, sec. 247.02 (4), Stats., but the misrepresentation must be made at the time of the marriage or prior thereto, must be of such a nature as to be material and go to the essential of the marriage contract, and must be of such a character that no marriage would have taken place except for such false representations. *Nehls v. Nehls* (1963), 21 Wis. 2d 231, at p. 239, 124 N. W. 2d 18; *Masters v. Masters* (1961), 13 Wis. 2d 332, at p. 341, 108 N. W. 2d 674; *see also* 4 Am. Jur. 2d, *Annulment of Marriage*, pp. 448, 449, secs. 13, 14, and 17.

There is no question that a representation to have children is material and goes to the essentials of a marriage. Having children is a primary purpose of marriage. This court has held that failure to have sexual relations goes to the essence of a marriage. *Zerk v. Zerk* (1950), 257 Wis. 555, 44 N. W. 2d 568. False representations of pregnancy by a woman also have been held to go to the essence of a marriage. *Winner v. Winner* (1920), 171 Wis. 413, 177 N. W. 680; *Masters v. Masters, supra.* "Clearly, promises to have children, made by one spouse before marriage without any intention to keep such promises, and refusal after the marriage to engage in sexual intercourse unless contraception is practiced, constitutes such fraud as will entitle the defrauded party to an annulment . . . ." 4 Am. Jur. 2d, *Annulment of Marriage*, p. 452, sec. 17.

However, courts are hesitant to annul marriages on the ground of fraud unless clearly convinced of the existence of the falsity of the representation and that the defrauded party would not have entered into the marriage contract except for such false representation.

*Masters v. Masters, supra.* A fraud must be proved by clear and satisfactory evidence. *Rascop v. Rascop* (1956), 274 Wis. 254, 79 N. W. 2d 828. Traditionally, because of the nature of marriage and the importance of its stability in our society, courts have been most diligent in requiring sufficient proof to establish fraud in annulment cases. Besides, while the standard of proof is the same as in other civil cases based on fraud, the standard is more difficult to meet in annulment cases because of the frequent lack of independent witnesses and of direct evidence.

The evidence in this case shows that before marriage the parties discussed their desire to have children. An understanding was reached that in order to help the plaintiff adjust to married life, she might take pills to prevent conception during the first year of marriage. This the plaintiff did and after the year the practice was continued while the parties went on a vacation. After the vacation the plaintiff continued taking pills. The trial court pointed out the cruelty of the defendant affected plaintiff's attitude on the matter of having children as the marriage progressed in time. This observation or finding by the trial court is attacked by the defendant because the defendant's acts of alleged cruelty took place after the one-year period in which it was agreed the plaintiff would take the pills, and her failure to stop taking the pills provoked the defendant's action.

We think this argument misses the point. Assuming an agreement to have children after a year of marriage, the continuation of the practice of birth control while amounting to a breach of contract does not necessarily prove the plaintiff did not have the intention to have children at the time of marriage. All the evidence to prove fraud related to the failure of plaintiff to stop taking the pills after one year. This course of conduct by the plaintiff does not directly show that when she entered into the marriage she did not intend to have children. At most, a weak inference might be drawn but

it stands alone as there is no direct evidence that at the time of marriage the plaintiff did not intend to have children after a year of marriage. We agree with the trial court the evidence fails in being clear and convincing proof of an intention not to have children of the marriage.

But the defendant argues the trial court should have made specific findings of fact and conclusions of law in relation to his counterclaim for annulment and this failure requires at least a remand to make them. This position would be correct if the defendant's evidence was sufficient to meet the "clear and convincing burden of proof" and the court went on to the determination of the question of fact. It was not error for the trial court not to make findings and conclusions under the circumstances in this case. A distinction is traditionally made between the insufficiency of evidence to meet a standard of proof to establish a prima facie case and a sufficiency of evidence which meets the burden of proof but does not amount to the greater weight of the evidence in the action.

When a dismissal for insufficient proof is proper, it would be the better procedure and most helpful to this court and the litigants if the trial court would review the evidence and point out in what respects the evidence as to each essential of the cause of action is not sufficient to meet the burden of proof. In the absence of a motion to dismiss and when contradictory evidence is heard, the more desirable practice in a divorce case would be for the judge to treat the case as one for fact-finding and to make specific findings of fact and conclusions of law in disposing of all issues.

It is to be noted that sec. 270.33, Stats., requires findings and conclusions upon a trial of an issue of fact and we have particularly pointed out the helpfulness to this court of adequate findings of fact in family-law cases

because of the greater significance of the marriage contract. *Walber v. Walber* (1968), 40 Wis. 2d 313, 319, 161 N. W. 2d 898.

## *Recrimination.*

Whether the doctrine of recrimination is a bar to a divorce in Wisconsin depends upon whether the person seeking the divorce is guilty of an offense which would be a ground for divorce. *See* sec. 247.101, Stats. *Gauer v. Gauer* (1967), 34 Wis. 2d 451, 149 N. W. 2d 533; *Mentzel v. Mentzel* (1958), 4 Wis. 2d 584, 91 N. W. 2d 101; *Bahr v. Bahr* (1956), 272 Wis. 323, 75 N. W. 2d 301; *Roberts v. Roberts* (1931), 204 Wis. 401, 236 N. W. 135.

Most of the allegations of misconduct on the part of the plaintiff were controverted and her version of the facts was accepted by the trial court. But it is claimed by the defendant that his uncontroverted testimony is sufficient to establish cruel and inhuman conduct on the part of the plaintiff. He points to testimony that the plaintiff said she was in love with another man; tore up their wedding picture; said he was "too damn cheap;" threw furniture and furnishings around the house; refused to sponsor his brother's child; made intimate remarks which distressed him; gave him the silent treatment; tried to commit suicide; and threw the cat down the stairs in anger.

Assuming these acts are unreasonable and unwarranted, the totality of this conduct is insufficient to constitute cruel and inhuman treatment. In addition, there is no proof these acts had a detrimental effect upon his physical or mental health or rendered the parties incapable of performing their marital duties. Such is the standard summarized in *Heffernan v. Heffernan* (1965), 27 Wis. 2d 307, 312, 134 N. W. 2d 439.

We think, therefore, the trial court was correct in concluding the evidence was insufficient to call forth the doctrine of recrimination.

*By the Court.*—Judgment affirmed.