HITCHCOCK, Respondent, v. HITCHCOCK, Appellant.

*No. 75–298.   Argued May 3, 1977.—Decided June 1, 1977.*
(Also reported in 254 N.W.2d 230.)

216

For the appellant there was a brief by *Hill, Quale, Hartmann, Bohl & Evenson,* and oral argument by *James Evenson,* all of Baraboo.

For the respondent there was a brief and oral argument by *Vaughn S. Conway* of Baraboo.

HANLEY, J.   Three issues are presented on this appeal:

1.   Was the defense of recrimination abolished by the 1971 amendment of sec. 247.101, Stats?

2.   If not abolished, may recrimination be raised where it has not been specifically pleaded?

3.   If recrimination must be pleaded, did the trial court abuse its discretion by denying the defendant's motion to amend his answer to plead adulterous conduct on the part of the plaintiff?

*Recrimination as a Defense*

This court has recognized the doctrine of recrimination in divorce cases.   Under this doctrine, if the conduct of

both parties has been such as to furnish grounds for divorce, neither of the parties is entitled to relief. *Gauer v. Gauer,* 34 Wis.2d 451, 457, 149 N.W.2d 533 (1967); *Bahr v. Bahr,* 272 Wis. 323, 325, 75 N.W.2d 301 (1956).

In the instant case, the defendant sought to apply the doctrine of recrimination as a bar to the wife's action for divorce by proving the wife had engaged in adulterous conduct. The husband made no counterclaim for divorce, requesting only a dismissal of the complaint. The wife contends that the doctrine of recrimination has been abolished in Wisconsin by the amendment of sec. 247.101, Stats., in Laws of 1971, ch. 220, sec. 7.

Sec. 247.101, Stats., was originally enacted in response to this court's decision in *Bahr v. Bahr, supra.* In that case both husband and wife claimed for divorce upon the grounds of cruel and inhuman treatment. The trial court found both parties were guilty of such conduct, but granted the divorce to the plaintiff wife. This court reversed on the ground that the doctrine of recrimination barred a divorce to either party.

Shortly after the *Bahr* case, the legislature created sec. 247.101, Laws of 1959, ch. 595, sec. 60. That section, as originally enacted, provided:

"247.101 *Recrimination, when applicable; comparative rectitude.* The equitable doctrine that the court shall not aid a wrongdoer is applicable to any party suing for divorce under s. 247.01(1) to (5), except where it appears from the evidence that both parties have been guilty of misconduct sufficiently grave to constitute cause for divorce, the court may in its discretion grant a judgment of legal separation to the party whose equities on the whole are found to be superior."

By the enactment of this section, the legislature, while for the first time statutorily recognizing the doctrine of recrimination, destroyed the absolute nature of recrimination as a complete defense to be applied without

discretion. Thus, in a case such as *Bahr v. Bahr, supra,* where the conduct of both parties was sufficient to constitute grounds for divorce, the trial court, although it could, was no longer required to deny relief upon the recrimination doctrine; it could in its discretion apply the doctrine of comparative rectitude and grant a legal separation.

By ch. 225, Laws of 1969, the legislature amended sec. 247.101 to apply not only to divorce actions, but also to actions for legal separation. In addition, the phrase "in its discretion" was deleted.

Finally, as stated above, sec. 247.101 was amended by Laws of 1971, ch. 220, sec. 7. Sec. 247.101 presently provides:

"247.101 *Comparative rectitude.* In any action for divorce or legal separation under s. 247.07 (1) to (5) where it appears from the evidence that both parties have been guilty of misconduct sufficiently grave to constitute cause for divorce or legal separation, the court may grant a judgment of divorce or legal separation to the party whose equities on the whole are found to be superior. Neither the doctrine of comparative rectitude nor misconduct of a party shall be considered in actions brought under s. 247.07 (6) (7) and (8)."

We think this statute clearly provides for the application of the doctrine of comparative rectitude in divorce cases. The question relative to the instant case is what effect this provision has upon the doctrine of recrimination. Sec. 247.101 may be viewed as affecting the recrimination doctrine in one of two ways. The first view is that this section, by providing for the application of comparative rectitude has abolished recrimination as a defense. The other view is that since the statute provides the court "may" grant a divorce to the party with superior equities, the trial court has discretion to apply comparative rectitude and thus recrimination is not

abolished but simply changed from an absolute to a discretionary defense. Under this second view, the trial judge, in a case where the conduct of both parties warranted divorce, would have discretion to deny a divorce to both parties, or grant a divorce to the party with superior equities.

The determination of the above question depends upon whether, under the statute, the trial judge has discretion to apply the doctrine of comparative rectitude. Although in the statute the word "may" is used, we hold that the statute requires the application of comparative rectitude and thus abolishes the doctrine of recrimination.

"While generally the word 'may' in a statute will be construed as permissive, it will not be so construed where a different construction is demanded by the statute in order to carry out the intent of the legislature." *Schmidt v. Department of Local Affairs & Development*, 39 Wis. 2d 46, 53, 158 N.W.2d 306 (1968). The 1971 amendment of sec. 947.101 specifically deleted the first portion of the statute which provided that the doctrine of recrimination was applicable in divorce actions. The statute, as amended, provides simply for the application of comparative rectitude. Accompanying 1971 Senate Bill No. 241, proposing the amendment of sec. 247.101, is an analysis by the Legislative Reference Bureau which states: "The doctrine of recrimination as a bar to divorce proceedings is revoked and replaced by the doctrine of comparative rectitude." The legislature intended that the doctrine of recrimination be abolished. To hold that the trial court has discretion to apply comparative rectitude would defeat this legislative intent. Therefore, under sec. 247.101 the trial court is required to apply the doctrine of comparative rectitude, and the doctrine of recrimination is abolished.

The defendant-appellant does not directly dispute the above conclusion, but argues that where the defendant has not counterclaimed for divorce, as in the instant case, sec. 247.101 and the doctrine of comparative rectitude are not applicable, and therefore, under such circumstances, the recrimination doctrine is not abolished. The trial court agreed with this contention. We disagree.

In support of his position that sec. 247.101 does not apply and recrimination is not abolished under the facts of the instant case, the defendant makes one argument. He contends that if recrimination is abolished and replaced by comparative rectitude in all cases, the trial court in some cases, such as the instant one, would be compelled to make the illogical disposition of granting a divorce to a defendant who proves conduct of plaintiff sufficient to constitute grounds for divorce, but who does not seek a divorce. Such a result, however, could never occur under the interpretation that sec. 247.101 abolishes the doctrine of recrimination. Where recrimination is not a defense, a defendant who does not counterclaim for divorce has no basis upon which to present evidence showing the plaintiff guilty of conduct which constitutes grounds for divorce. Under the circumstances, the trial court would not properly have before it evidence upon which to apply the doctrine of comparative rectitude, and therefore, contrary to defendant's contention here, a judgment of divorce could not be granted to a defendant who does not seek it.

The trial court in this case concluded that the evidence offered by the defendant, of adulterous conduct on the part of the plaintiff, could not be considered because the defendant did not properly plead the facts sought to be proved. We agree with the trial court's conclusion that the evidence could not be considered, but for the reason

that recrimination is abolished as a defense and the defendant did not counterclaim for divorce. In accordance with the above conclusion, the trial court's judgment of absolute divorce must be affirmed.

Since the judgment of divorce is affirmed, we do not reach the remaining two issues relating to pleading the defense of recrimination, abolished by sec. 247.101.

*By the Court.*—Judgment affirmed.