Stone, Appellant, vs. Stone, Respondent.

*September 4 — September 22, 1896.*

*Divorce: Cruel and inhuman treatment: Findings: Evidence.*

Findings of the trial court, to the effect that the defendant was not guilty of the cruel and inhuman treatment alleged as ground for a divorce, are *held* not to be against the clear preponderance of the evidence.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

For the appellant there were separate briefs by *Goodrick & Goodrick,* attorneys, and *F. W. Houghton,* of counsel, and oral argument by *E. J. Goodrick* and *Mr. Houghton.*

For the respondent there was a brief by *Bouck & Hilton,* and oral argument by *Gabe Bouck.*

CASSODAY, C. J. The plaintiff and the defendant were married March 2, 1880, and this action is for a divorce on the grounds of cruel and inhuman treatment. The treatment alleged consisted, in effect, in being required and compelled by the defendant, during all their married life, to do and to perform, in addition to her domestic work, heavy manual labor in the fields, in doing all kinds of farm work, far beyond her strength, until she became broken down in health, sick, and unable to do the domestic or house work, which she was required by the defendant to do; that for several years such treatment had been uniformly cruel and inhuman, requiring and obliging her to perform work and services for him while sick and physically unable to perform work and labor and under the doctor's care, in unreasonably refusing to employ or provide help for the plaintiff in the performance of the domestic work on the farm, and in neglecting and refusing to provide the necessary and proper medical attendance and medicines during her sickness; that, during the year immediately prior to the commencement of this action, she repeatedly appealed to the defendant to get a girl to do the house work, or to assist her in doing the same; that the defendant persistently and unreasonably refused to employ help, and frequently said to the plaintiff, with an oath, if she could not do the work, to pick up her things and go.

The defendant answered by way of admissions and denials, and alleged, in effect, that the plaintiff only occasionally worked upon the farm, and then only in case of

emergency, and then without any objection on her part and of her own free will and accord, but had not worked on the farm nor in the field for the last three years prior to the commencement of the action; that in September, 1894, she desired the defendant to employ a hired girl, which he did not do, because he deemed it unnecessary.

At the close of the trial the court found in favor of the defendant, and to the effect that the defendant was not guilty of the cruel and inhuman treatment alleged, and that there was no ground or cause for a divorce. And as conclusions of law the court found, in effect, that the plaintiff was not entitled to judgment for a divorce, and that the complaint be dismissed upon the merits, and ordered judgment accordingly, without costs. From the judgment entered thereon accordingly the plaintiff brings this appeal.

The controversy is purely one of fact. It appears from the testimony of the plaintiff that the defendant was guilty of the cruel and inhuman treatment alleged in the complaint, especially during the year immediately prior to the time when the plaintiff left the defendant, in October, 1894. *Crichton v. Crichton,* 73 Wis. 59; *Wachholz v. Wachholz,* 75 Wis. 377. Although the plaintiff concedes in her complaint that no one competent to testify was present at the time the defendant was guilty of such cruel and inhuman treatment, yet she is strongly corroborated by other facts and circumstances testified to by other witnesses. But the testimony of the plaintiff is flatly contradicted by the defendant, and several witnesses testified in his behalf to facts and circumstances corroborating his testimony. We cannot hold that the findings of the trial court are against the clear preponderance of the evidence. The trial judge had an opportunity of correctly determining the credibility of the witnesses and the truth of the controversy, which we do not possess.

*By the Court.*— The judgment of the circuit court is affirmed.