BAUSHKA, Respondent, vs. McKEY, Appellant.

*May 29—June 18, 1903.*

*Appeal and error: Questions reviewed: Contracts: Breach: Submission of issues on conflicting evidence: Verdict: Conclusiveness on appeal.*

1. An assignment of error cannot be considered where there is no record of the action of the trial court, coming within the alleged error, to inform the supreme court what actually took place on the trial, nor exceptions in the bill of exceptions to any rulings.

2. Plaintiff agreed to drill a well on defendant's farm, the well to have a water supply to furnish defendant water for his farm and stock purposes, as the farm was then conducted, the sufficiency of the well to be tested by a farm windmill. Defendant

refused to erect a windmill to test the capacity of the well, and there was conflicting testimony as to tests, and opinions as to the sufficiency of the water supply to meet the agreed requirements. *Held*, that a verdict that plaintiff had fully performed the contract should be sustained.

APPEAL from a judgment of the circuit court for Grant county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

This action was brought to recover the sum of $350 claimed to be due on contract. Plaintiff alleges that he contracted to drill a well for defendant. This well, to be operated by a farm windmill, was to furnish a sufficient water supply for defendant's farm and stock. Defendant admits the making of the agreement, but asserts that plaintiff wholly failed to comply with its terms. The case was tried before a jury. It appeared that plaintiff drilled a well on defendant's farm to the depth of 470 feet. The evidence tended to show that different tests were made by both parties to ascertain the capacity of this well. Plaintiff and some of the witnesses stated the well had a water supply sufficient for a farm windmill required to furnish the water for defendant's farm and stock purposes. On defendant's part there was evidence tending to show that the water supply of the well was wholly insufficient to comply with the terms of the agreement. It further appeared that defendant refused to erect a windmill on the well to test its water capacity, and that he refused payment to plaintiff for drilling the well. The jury rendered a verdict in favor of plaintiff, awarding him an amount equivalent to the contract price of the well as drilled.

The cause was submitted for the appellant on the brief of *Lowry & Carthew* and *Leo Philipson,* and for the respondent on that of *A. H. Long* and *W. E. Howe.*

SIEBECKER, J. The first error assigned pertains to rulings of the court in receiving and rejecting evidence. We find no record of the action of the court coming within this alleged

error to inform us what actually took place on the trial, nor are there any exceptions in the bill to any rulings. We cannot, therefore, consider this assignment of error.

Error is assigned on the ground that the verdict is contrary to the evidence. An examination of the record discloses evidence tending to establish an agreement between the parties for drilling a well on defendant's premises, that the well should have a water supply sufficient to furnish defendant water for his farm and stock purposes, as the farm was then conducted, and that the sufficiency of the well was to be tested by a farm windmill. It furthermore appears that plaintiff, under the arrangement, drilled a well upon defendant's premises, which was tested by himself in the presence of others, showing, in the opinion of the witnesses, a sufficient water supply to meet the agreed requirement, and that defendant refused to erect a windmill to test its capacity. Other evidence in the case was in conflict with this evidence, thus raising an issue of fact which was submitted to the jury. The jury found that plaintiff had fully performed the contract, and awarded him the amount due. An examination of the record shows that the jury were justified by the evidence in finding, either that the plaintiff fully performed, or that he had failed to perform, the terms of the contract. This question was determined by the weight and credibility they gave to the testimony of the different parties and witnesses. An examination of this testimony makes it very plain that the verdict is not only not against the clear preponderance of the evidence, but that it is well supported by the testimony. From these conclusions it necessarily follows that the case was properly submitted to the jury for a decision. The verdict of the jury must be sustained.

*By the Court.*—Judgment affirmed.