MERTEN, Appellant, v. NATIONAL MANUFACTURERS BANK OF NEENAH, Administrator *de bonis non,* Respondent.*

*November 25, 1964—January 5, 1965.*

\* Motion for rehearing denied, with costs, on March 2, 1965.

For the appellant there was a brief and oral argument by *Henry P. Hughes* of Oshkosh.

For the respondent there was a brief by *Patri, Nolan, Crane & Engler* of Oshkosh, and oral argument by *Hibbard H. Engler*.

HEFFERNAN, J. We conclude that the judgment of divorce is reviewable by this court though one of the parties is dead, and that sufficient, though minimal, evidence was produced to sustain the judgment. The respondent contends that sec. 247.37 (2), Stats., denies the supreme court the power to set aside a divorce for lack of evidence when one of the parties has died.

Sec. 247.37 (2), Stats., provides in part:

"So far as said judgment affects the marital status of the parties the court has the power to vacate or modify the

same for sufficient cause shown, upon its own motion, or upon the application of either party to the action, at any time within one year from the granting of such judgment, *provided both parties are then living."* (Emphasis supplied.)

*Hirchert v. Hirchert* (1943), 243 Wis. 519, 11 N. W. (2d) 157, however, distinguishes this provision above quoted, and which is applicable to the trial court, from the provision that appears in sec. 247.37 (1) (a), Stats.:

"When a judgment of divorce is granted it shall not be effective so far as it affects the marital status of the parties until the expiration of one year from the date of the granting of such judgment, except that it shall immediately bar the parties from cohabitation together and except that it may be reviewed on appeal during said period. But in case either party dies within said period, such judgment, unless vacated or reversed, shall be deemed to have entirely severed the marriage relation immediately before such death."

As this court in *Hirchert* said at page 527:

"Notwithstanding the failure of the defendant to get the judgment of the court vacated she is not barred from appealing and seeking reversal of it upon review of the record. Sec. 247.37 (1), Stats."

This prior decision of the court is founded not only upon the plain meaning of the statute but upon reason. It is obvious that one party should not be held to the terms of an invalid judgment merely because of the fortuitous death of the other party. Assuming, *ad arguendo,* that, as the plaintiff claims, there is not sufficient evidence to satisfy the statutory requirements for a divorce on the grounds of cruel and inhuman treatment, it would be palpably unfair to deny his appeal from an unlawfully obtained divorce judgment.

Though we find the judgment appealable, we find no cause to reverse, though this is an admittedly close question.

Sec. 247.07 (4), Stats., provides that a divorce may be granted:

"When the treatment of one spouse by the other has been cruel and inhuman, whether practiced by using personal violence or by any other means."

The testimony upon which a finding of cruel and inhuman treatment can be based is set forth in the statement of facts. They are undeniably scanty: A bare statement that on one occasion the offended spouse was struck and rather meager and equivocally stated testimony that such treatment made the wife nervous and upset. The cruel and inhuman treatment was not corroborated, nor was there any showing that corroboration was not available.

The findings of fact of a trial court on appeal from a judgment in a divorce action must be affirmed unless clearly contrary to the great weight and clear preponderance of the evidence. *Stone v. Stone* (1896), 94 Wis. 28, 30, 68 N. W. 390; *Gordon v. Gordon* (1955), 270 Wis. 332, 340, 71 N. W. (2d) 386; *Subrt v. Subrt* (1957), 275 Wis. 628, 630, 83 N. W. (2d) 122. In the instant case the trial judge did find that "the plaintiff (husband) has treated the defendant (wife) in a cruel and inhuman manner . . ." The husband, though present with counsel, did not testify. On the basis of the record, the finding of fact is not only not contrary to the evidence, but is in accord with the only evidence submitted.

We nevertheless feel obliged to comment on the quantum of proof presented. The respondent defends the finding because of the family court commissioner's recommendation that the divorce be granted and his statement that the parties are "irreconcilable." The family court commissioner here failed to comply with the statutory mandate that he advise the court of the merits. While his sociological appraisal that the parties are "irreconcilable" is of importance in determining whether further efforts should be made to save a marriage, his opinion has no probative value. It does not

supplant the need for evidence. Our laws properly require not a finding that the parties cannot get along with each other, but a finding that one of the parties has so violated the contractual obligations of the marriage covenant that under law the other is no longer bound. When the family court commissioner functions as the statute contemplates, he is a valuable adjunct to the court. He can, by his independent investigation, prevent collusive frauds upon the court, can assure that the position of the public and of the parties are fairly presented to the court, and can assure the court that all efforts that are compatible with the public and individual interests have been undertaken to preserve a marital status, but his sociological opinion is not evidence to be weighed in considering the merits of the cause.

Although we cannot thus shore up the skeletal evidence upon which the judgment is based by the family court commissioner's recommendation, we find it unnecessary to do so in this instance.

Although the only evidence of cruel and inhuman treatment was the striking of a single blow, a single act of cruelty may be sufficient grounds for divorce. Cf. *Roelke v. Roelke* (1899), 103 Wis. 204, 78 N. W. 923.

The trial judge had the parties before him and is in a better position than we are to judge the effects of the acts alleged upon the other spouse. What might well in a less-enlightened age, or under different circumstances, merely constitute a reasonable interspousal chastisement could constitute cruel and inhuman treatment in this case. The trial court so held, and we have no basis to differ with him.

As this court said in *Rohloff v. Rohloff* (1943), 244 Wis. 153, 158, 11 N. W. (2d) 507:

"In divorce cases great and almost controlling weight is given to the decision of the trial judge. He has the parties and witnesses before him. In many, if not in most cases, he

has some knowledge of the situation or can easily inform himself in regard to it, and is in a better position to pass upon the rights of the parties than is an appellate court."

Our court has long upheld the right of a trial court to grant a divorce on skeletal proof if the details thereof are likely to be scandalous. We have thus long recognized the unique position of the trial court to make findings even though these findings are not detailed and *ad nauseam* supported by the record. But some support there obviously must be, and such support is to be found though scantily in this record.

Perhaps the most-serious objection raised by the appellant is the failure to conform to the requirements of sec. 247.18 (2), Stats., which requires that no divorce shall be granted on the testimony of the parties, unless corroborated by testimony of one not a party "except the ground of cruel and inhuman treatment when no corroborating evidence is available." We dispose of this contention, as did the court in *Swenson v. Swenson* (1944), 245 Wis. 124, 127, 13 N. W. (2d) 531:

"The defendant was present in the court when the divorce action was heard and could have denied the testimony of the plaintiff had it not been true. We cannot perceive that the defendant was prejudiced by want of corroboration of evidence, the truth of which he did not deny . . ."

We therefore conclude that the findings and the judgment are not contrary to the great weight and clear preponderance of the evidence.

The plaintiff has also appealed from the order which denied a modification of the judgment. We deem that such an order, though subsequent to the judgment which is sought to be modified, is appealable. Sec. 274.11 (2), Stats. There was no showing that the division of property was unfair or unlawful. It was in fact a division made by the parties

themselves with the advice of counsel. The stipulation and judgment were in no wise contingent upon a continued obligation to support. The stipulation referred to the agreement as a "property settlement in lieu of alimony." The judgment referred to its terms "in lieu of alimony and as a division of property." The amount due was determined on the date of judgment. The terms of the stipulation merely provided that the husband was to have thirty days in which to raise the money. But his obligation was fixed and liquidated and determined and the wife's right to payment vested on the day of judgment. We can sympathize with his feeling that there is a "matter of ethics" in giving the money to his mother-in-law. But it must be remembered that the judgment determined that the $8,500 was not his money, but his wife's money, and it passes to her heirs in accordance with the applicable law—here, to her mother.

Had the wife survived, we have no evidence that the husband would have complained of a bad bargain. It is only by hindsight that he appears in any way to have had a less-advantageous settlement than might have been. Although the husband cannot now get out of his bargain, the wife, had she lived, could not have either. Sec. 247.32, Stats., provides that ". . . when a final division of the property shall have been made . . . no other provisions shall be thereafter made for the wife."

*By the Court.*—Judgment and order affirmed.