GAUER, Respondent, v. GAUER, Appellant.

*March 2—April 11, 1967.*

452

For the appellant there was a brief by *Godfrey, Godfrey, Neshek & Conway* of Elkhorn, and oral argument by *Dennis D. Conway.*

No brief or appearance for the respondent.

HEFFERNAN, J.

### 1. *Was the finding of the trial court that the acts of the defendant constituted cruel and inhuman treatment contrary to the great weight and clear preponderance of the evidence?*

It is settled law that the findings of fact of a trial court on appeal from a divorce judgment must be affirmed unless contrary to the great weight and clear preponderance of the evidence. *Merten v. National Manufacturers Bank* (1965), 26 Wis. (2d) 181, 186, 131 N. W. (2d) 868. Moreover, great weight is placed upon the discretion of the trial judge. We have stated:

"In divorce cases great and almost controlling weight is given to the decision of the trial judge. He has the parties and witnesses before him. In many, if not in most cases, he has some knowledge of the situation or can easily inform himself in regard to it, and is in a better position to pass upon the rights of the parties than is an appellate court." *Rohloff v. Rohloff* (1943), 244 Wis. 153, 158, 11 N. W. (2d) 507.

In the recent case of *Heffernan v. Heffernan* (1965), 27 Wis. (2d) 307, 312, 134 N. W. (2d) 439, this court summarized the standard to be employed by a trial court in determining whether a divorce should be granted where the action is brought for alleged cruel and inhuman treatment:

"From these cases we conclude that no precisely described or enumerated acts of one spouse toward another can be defined as cruel and inhuman treatment. In order to constitute cruel and inhuman treatment, such as to warrant the granting of a divorce or a legal separation, the court must consider the totality of conduct and the detrimental effect it has upon necessary marital relationships and its grave effect upon the health of the other spouse. The conduct of the offending spouse must be unreasonable and unwarranted, it must render the parties incapable of performing their marital duties, and it must have a detrimental effect upon the physical or mental

health of the offended spouse. In applying these tests the court should be cognizant of the desirable public policy in maintenance of marriage and family. The court may properly consider the age of the parties, the duration of the marriage, and presence and age of the children and the probability of delinquency, and the public dependency of the parties or the children."

There was testimony that the wife constantly nagged the plaintiff about his work, about getting home late, about not buying her enough clothes, about bringing friends home, about disciplining the children, about visiting his brother, and about bowling with friends. Joseph Gauer testified:

"She kept hollering at me and hollering at me; and then when I would come home tired at night—after working twelve hours a day, I'd come home and I couldn't get no rest. She would jump on me when I walked in the door about this and about that."

He testified that this conduct had been continuous through most of the period of the marriage and had lasted seventeen or eighteen years. Gauer stated that this conduct made him nervous to the extent that he could not concentrate on his job and that sometimes he was afraid to come home at night. He stated that her conduct had made him completely upset. He stated also that he had been physically assaulted by her and that, on one occasion, she had slammed the door on his arm, she had poured hot coffee in his face, and, over a period of seven or eight years, she would snap a towel at him. She also threatened to shoot him. He quoted her as saying, "If I had a gun, I would shoot you."

Mrs. Gauer denied all of the incidents testified to by the plaintiff and denied that her general conduct was of the type described by the plaintiff. She stated, "We have never argued hardly any."

The trial judge made a specific finding that, in view of the demeanor, attitude, and appearance of the witnesses, and considering the evidence as a whole, he ac-

cepted as a verity that the acts were as testified to by the plaintiff. We have consistently held that the credibility of the evidence is a matter for the trial court. *Subrt v. Subrt* (1957), 275 Wis. 628, 630, 83 N. W. (2d) 122; *Gordon v. Gordon* (1955), 270 Wis. 332, 340, 71 N. W. (2d) 386.

In *Gordon v. Gordon, supra,* at page 339, although we concluded that a divorce would not be granted on the grounds of cruelty merely because of marital wrangling, we nevertheless stated at page 340:

". . . treatment which does or is well calculated to impair the health of a party, makes the marriage state intolerable and renders a party incapable of performing his or her duties in married life, satisfies the 'cruel and inhuman treatment' referred to in the statute."

In *Bird v. Bird* (1920), 171 Wis. 219, 221, 177 N. W. 4, we pointed out that whether certain conduct is cruel and inhuman depends upon the effect it has upon offended spouses. The trial judge herein reviewed the evidence in detail and pointed out that ". . . the individual acts complained of by the plaintiff, standing alone, might well be considered as trivial." However, the court correctly stated that it ". . . must consider the totality of conduct on the part of the defendant and the detrimental effect it had upon the plaintiff and upon this marriage . . . ." It found:

". . . that the treatment of the plaintiff by the defendant was unreasonable and unwarranted and was conduct of the type which did impair the mental and physical health of the plaintiff to the extent that the foundation of the marriage was destroyed and the marriage state became intolerable."

It is apparent that the evidence produced at trial is more than ample to satisfy the test. The findings are not contrary to the great weight and clear preponderance of the evidence. No evidence contrary to the testimony of

the husband was produced other than the flat assertion of the wife that there were no quarrels, and the trial judge determined to disbelieve such testimony. We therefore conclude that the divorce was properly granted.

### 2. *Should this court deny the divorce on grounds of recrimination?*

This court subscribes to the doctrine of recrimination, holding:

". . . if the conduct of both parties has been such as to furnish grounds for divorce, neither of the parties is entitled to relief." *Bahr v. Bahr* (1956), 272 Wis. 323, 325, 75 N. W. (2d) 301; *Mentzel v. Mentzel* (1958), 4 Wis. (2d) 584, 588, 91 N. W. (2d) 101.

It is only on this appeal that the defendant raises this argument as a bar to the divorce. There is nothing in the record to show that this defense was asserted at the trial level, although the appellant herein does claim that the issue was raised in briefs in the county court. In the course of the testimony it was asserted that the husband visited his brother's house in Illinois, and on occasion stayed away as long as three or four weeks. Near the end of the marital relationship, he stopped making payments on family obligations and, on one occasion, there was evidence that, under conditions of provocation, he struck his wife. It should be noted that in each of these instances the judge chose to accept the husband's version of the occurrence rather than the wife's. Moreover, as stated above, to prove a cause of action in divorce, it is not only necessary to allege and prove particular acts but to show that they in fact resulted in physical or mental stress and affected the health of the other spouse and the marital relationship.

On the state of this record and in view of the findings of the trial court, it is apparent that the defendant

completely failed to establish a cause of action for divorce and the consequent defense of recrimination. Recrimination is an equitable doctrine and, as a consequence, is subject to invocation by the court even though not raised by the parties, and we do not foreclose ourselves from considering the defense of recrimination even though raised for the first time on appeal if the facts are apparent from the record and if to do so would not result in any unfairness to the other spouse. It should be noted, however, that this court does not look with favor upon raising in this court an issue which has not been presented to the trial court. If the appellant has failed to present an issue, he may not raise it for the first time on appeal as a matter of right and have it considered on appeal. *In re Bossell, Van Vechten & Chapman* (1966), 30 Wis. (2d) 20, 139 N. W. (2d) 639; *Ehlers-Mann & Associates v. Madison American Guaranty Ins. Corp.* (1965), 28 Wis. (2d) 12, 135 N. W. (2d) 815; *Rice v. Gruetzmacher* (1965), 27 Wis. (2d) 46, 133 N. W. (2d) 401; *Allen v. Ellis* (1905), 125 Wis. 565, 104 N. W. 739; *Baushka v. McKey* (1903), 118 Wis. 359, 95 N. W. 372. We conclude that the defendant has completely failed to establish a cause of action against the plaintiff husband.

### 3. *Discretionary power of court to summarily reverse when the respondent fails to present his cause to this court.*

The respondent husband failed to submit a brief as required by the rules of this court and did not appear for oral argument. Counsel for the appellant, as he is authorized to under the rules, moved that this court reverse, as provided in sec. (Rule) 251.57, Stats.:

"When a cause is submitted, or presented by counsel for appellant or plaintiff in error, but not by the opposing party, the judgment or order appealed from may be reversed as of course, without argument."

We pointed out in *Onderdonk v. Onderdonk* (1958), 3 Wis. (2d) 279, 283, 88 N. W. (2d) 323, that:

". . . we could reverse the order as of course but, because divorce and the custody of minor children in divorce proceedings are matters of public concern, we are not exercising our discretionary power."

This court has been informed by the respondent that he is out of the state and he is without funds either to travel to Wisconsin to appear in person or to hire counsel. Under these circumstances, we decline to exercise our discretionary power to reverse, deny the motion of the appellant, and we have considered the appeal on its merits.

*By the Court.*—Judgment affirmed.

HANSEN, J., took no part.