MECHA, Appellant, v. MECHA, Respondent.

*September 5—October 3, 1967.*

30

32

For the appellant there was a brief by *Murphy & Brady* of Manitowoc, and oral argument by *Frank A. Murphy*.

For the respondent there was a brief by *Smith, Harlow & Knab* of Manitowoc, attorneys, and *Walther & Burns* and *David L. Walther* of counsel, all of Milwaukee, and oral argument by *Thomas E. Knab* and *David L. Walther*.

HANSEN, J. The only question on appeal is whether the evidence was sufficient to sustain the findings and judgment of the trial court.

The trial court in its findings of fact and conclusions of law determined that the plaintiff failed to prove that the defendant was guilty of cruel and inhuman treatment and thereupon dismissed the action.

This court, in the case of *Heffernan v. Heffernan* (1965), 27 Wis. 2d 307, 310–313, 134 N. W. 2d 439, reviewed a number of cases wherein "cruel and inhuman treatment" had been considered and after reviewing these cases concluded (p. 312) :

"From these cases we conclude that no precisely described or enumerated acts of one spouse toward another can be defined as cruel and inhuman treatment. In order to constitute cruel and inhuman treatment, such as to warrant the granting of a divorce or a legal separation, the court must consider the totality of conduct and the detrimental effect it has upon necessary marital relationships and its grave effect upon the health of the other spouse. The conduct of the offending spouse must be unreasonable and unwarranted, it must render the parties incapable of performing their marital duties, and it must have a detrimental effect upon the physical or mental health of the offended spouse. In applying these tests the court should be cognizant of the desirable public policy in maintenance of marriage and family. The court may properly consider the age of the parties, the duration of the marriage, and presence and age of the children and the probability of delinquency, and the public dependency of the parties or the children."

The foregoing ruling of this court on the question of what constitutes cruel and inhuman treatment under the statutes is quoted with approval in a more recent case of *Gauer v. Gauer* (1967), 34 Wis. 2d 451, 454, 149 N. W. 2d 533, 534.

The plaintiff also contends that the conduct of the defendant toward her constituted calculated cruelty. Among other things, she supports this by his expression toward her of the "silent treatment" and such acts as his turning on the television to excessive volume when she attempted to sleep. An examination of the entire record confirms that these actions did not constitute calculated cruelty.

It is true that a sullen, morose, and fretful temperament and disposition may make a spouse very uncompanionable, but it does not follow that the exhibition of those qualities in the temperament of a person is necessarily cruel and inhuman treatment within the meaning of the statute. *Johnson v. Johnson* (1900), 107 Wis. 186, 83 N. W. 291.

As heretofore stated, one of the difficulties that developed in this marriage centers around the association of the plaintiff with certain neighbors. She contends this association did not or should not have created problems. However, an examination of the record documents by admission of both parties that this association was the source of much of their difficulties.

The appellant wife requests that this court hold as a matter of law that the defendant's acts as described in the court's opinion constitute cruel and inhuman treatment which would require the granting of a divorce. However, defendant's conduct is not of a character to require this result unless it had a detrimental effect on the marital relationship and a grave effect upon plaintiff's health. *Heffernan v. Heffernan, supra.* Whether his conduct had this effect is dependent upon the kind of person plaintiff is.

The trial court had ample opportunity to observe plaintiff and to form its own evaluation of her. On this record we must assume that it did not find her to be the type of person who was too much upset or disturbed by defendant's acts alleged to constitute cruel and inhuman treatment.

The court's opinion herein should not be interpreted to mean that the acts of a husband of a like or similar kind to those before us in this case will never support a finding of cruel and inhuman treatment sufficient to warrant a decree of divorce. Such acts might support a finding of cruel and inhuman treatment, given a wife of a more sensitive nature and nervous temperament than the instant plaintiff.

The notes and other actions of the defendant, when viewed from the totality of the conduct of the parties and surrounding circumstances, do not demonstrate that the findings of fact of the trial court were against the great weight and clear preponderance of the evidence. *Gordon v. Gordon* (1955), 270 Wis. 332, 340, 71 N. W. 2d 386. In the instant case there is no intimation of physical abuse and there is no demonstration of any grave effect upon the health of either party other than predictable "nervousness."

Although the conduct of the defendant may not have been justified, and certainly cannot be looked upon with approval, this court is fully satisfied that the trial court could, as it did, properly determine that such conduct falls short of cruel and inhuman treatment.

"The weight of the evidence and the credibility thereof were matters entirely within the province of the court as the trier of the facts." *Gordon v. Gordon, supra* (p. 340).

The findings of fact of the trial court are not against the great weight and clear preponderance of the evidence.

*By the Court.*—Judgment affirmed.