MOONEN, Appellant, v. MOONEN, Respondent.

*No. 338. Argued June 5, 1968.—Decided June 28, 1968.*
(Also reported in 159 N. W. 2d 720.)

For the appellant there was a brief and oral argument by *Robert J. Beaudry* of Milwaukee.

For the respondent there was a brief and oral argument by *Nicholas F. Lucas, Jr.,* of West Allis.

HANLEY, J.   The parties were married in Wilmington, Delaware, in 1943, and have two children, both of whom are married. At the time of trial plaintiff was forty-seven years of age and the defendant fifty-five. Both were employed, the plaintiff earning approximately $100 a week and the defendant $45 a week.

The only evidence presented in this action is the testimony of the parties. Plaintiff's testimony tended to show that defendant frequently became intoxicated and while intoxicated started arguments of long duration and used foul language toward him. To get away from these arguments, plaintiff testified that he would sometimes sleep in the basement or in the car and would go bowling, fishing, or hunting on weekends, although he claimed his weekend departures were with his wife's permission. In that connection, his testimony was that he wanted his wife to stop working on weekends so that they could be together but that she refused, although permitting him to go out so that he would not have to sit home alone. He further testified that she repeatedly made embarrassing telephone calls to him at his place of employment and at the rooming house where he stayed. She also created scenes when they were in public together and accused him of associating with other women. He claimed that her conduct made him nervous and adversely affected his health.

Defendant admitted using foul language toward the plaintiff and accused him of using the same toward her. She also admitted accusing him of associating with other women. She claimed the arguments started over his

association with another woman and over his refusal to take her anywhere. She denied ever being drunk; and she denied ever making unreasonable calls to the plaintiff.

The trial court considered that the testimony showed the parties were incompatible but ruled that plaintiff failed to meet the burden of proof to establish cruel and inhuman treatment. In an oral opinion from the bench the court stated the following:

". . . There are allegations and denials, no corroboration on either part, although in most cases there were allegations that son-in-law and children or employees had knowledge of what this was all about."

No specific findings were made concerning any of defendant's alleged misconduct. The following general finding was made, however:

"Ninth. That the Court finds that the evidence offered on the part of the plaintiff in support of the allegations of his complaint charging the defendant with cruel and inhuman treatment has been insufficient and the Court finds that the allegations charging the defendant with cruel and inhuman treatment are not supported by the evidence."

In *Gordon v. Gordon* [1] the court stated the following with respect to cruel and inhuman treatment:

"There is no yardstick definition for cruel and inhuman treatment. Each case depends for construction on its own peculiar circumstances. '. . . parties cannot be divorced on the ground of cruelty merely because they live unhappily together from unruly tempers or marital wranglings. Married persons must submit to the ordinary consequences of human infirmities and of unwise mating, and the misconduct which will be ground for a divorce as constituting cruelty must be serious. Mere austerity of temper, petulance of manners, rudeness of language, or even occasional sallies of passion if they do not threaten bodily harm or impairment of health, do not as a general rule amount to cruelty. . . .' 17 Am. Jur., Divorce and Separation, p. 179, sec. 56. However, treatment which

[1] (1955), 270 Wis. 332, 339, 340, 71 N. W. 2d 386.

does or is well calculated to impair the health of a party, makes the marriage state intolerable and renders a party incapable of performing his or her duties in married life, satisfies the 'cruel and inhuman treatment' referred to in the statute. [Cases cited]"

In *Heffernan v. Heffernan* [2] the court concluded that there are no acts which per se constitute cruel and inhuman treatment:

"From these cases we conclude that no precisely described or enumerated acts of one spouse toward another can be defined as cruel and inhuman treatment. In order to constitute cruel and inhuman treatment, such as to warrant the granting of a divorce or a legal separation, the court must consider the totality of conduct and the detrimental effect it has upon necessary marital relationships and its grave effect upon the health of the other spouse. The conduct of the offending spouse must be unreasonable and unwarranted, it must render the parties incapable of performing their marital duties, and it must have a detrimental effect upon the physical or mental health of the offended spouse. . . ."

The plaintiff argues that the nature and character of his evidence more than sufficiently sets forth a cause of action for divorce based on cruel and inhuman treatment. He contends the defendant corroborated his case in every respect. According to him her admission that she drank wine and beer corroborated plaintiff's testimony that she became drunk because plaintiff testified that it took only a small amount of alcohol to make her drunk. However, the proposition most vital to plaintiff's argument is that it took only the small amount; the record is devoid of any testimony by the defendant corroborating that. Plaintiff also cites defendant's testimony that when she called his landlady and others, they told her she was drunk as corroborating evidence that she was drunk. However, the court could consider that the people to whom the calls were made may have been antagonistic toward

[2] (1965), 27 Wis. 2d 307, 312, 313, 134 N. W. 2d 439.

her. The testimony was offered by her in an attempt to show that plaintiff's attorney had planned those responses to her calls.

Plaintiff further contends that the defendant corroborated that she falsely accused him of associating with other women. We fail to see where in the record she admitted the charges were false.

What the defendant did corroborate is that there were arguments between them and that she used abusive language toward her husband. She also admitted making certain telephone calls to the defendant—she claimed they were reasonable in number and were for reasonable requests.

Plaintiff finally argues that no weight at all should be given to the defendant's testimony because she admitted that at an earlier action she was induced to commit perjury. She did testify that an earlier action for divorce was dismissed based on her testimony that parties had sexual relations when in fact they had none. However, the rejection of such testimony is not obligatory on the part of the court.[3]

When queried about specific findings by plaintiff's counsel after the decision had been made orally from the bench, the trial court indicated that in its opinion the testimony of both parties was believable and that the plaintiff had not met his burden of proof as to intoxication, false accusations of association with another woman, and as to the telephone calls. Their arguments he considered merely as evidence of their incompatibility, which is not a ground for divorce. Under the circumstances, we think the trial court's action concerning the issues of intoxication, the telephone calls, and the association with another woman is the equivalent of finding for the defendant on an issue of fact. The burden he spoke of was that

---

[3] *Nehls v. Nehls* (1963), 21 Wis. 2d 231, 237, 124 N. W. 2d 18; *Mackowski v. Milwaukee Automobile Mut. Ins. Co.* (1957), 275 Wis. 545, 550, 551, 82 N. W. 2d 906.

necessary to convince the court as the trier of fact. In such a situation, the trial court's findings are affirmed on appeal if they are not against the great weight and clear preponderance of the evidence.[4] While no detailed findings were made, the court has stated it could affirm if the examination of the evidence shows the trial court reached a result which the evidence would sustain if a specific finding supporting that result had been found.[5]

It is apparent that the trial court in this action placed a great deal of importance on the credibility of the plaintiff and refused to accept his version of the facts in the face of the conflict in the testimony. The trial court is in better position than the supreme court to make a judgment concerning credibility and a judgment so made should not be disturbed.

*By the Court.*—Judgment affirmed.

---

[4] *Mecha v. Mecha* (1967), 36 Wis. 2d 29, 152 N. W. 2d 923; *Reimer v. Reimer* (1959), 7 Wis. 2d 146, 96 N. W. 2d 375.

[5] *Grimh v. Western Fire Ins. Co.* (1958), 5 Wis. 2d 84, 92 N. W. 2d 259.