JACOBS, Respondent, v. JACOBS, Appellant.*

*No. 226.   Argued April 2, 1969.—Decided May 6, 1969.*
(Also reported in 167 N. W. 2d 238.)

* Motion for rehearing denied, with costs, on June 27, 1969.

For the appellant there was a brief by *Snyder, Fisher, Lee & Lilly* of Milwaukee, and oral argument by *E. H. Snyder*.

For the respondent there was a brief and oral argument by *Clyde E. Sheets* of Milwaukee.

HANLEY, J. Upon this appeal the appellant raises the following grounds for reversal:

(1) There was no corroboration of the wife's testimony that her health was adversely affected by the husband's conduct;

(2) There was no finding of fact that the husband's conduct adversely affected the health of the wife; and

(3) Consensual sexual conduct cannot constitute cruel and inhuman treatment.

The trial court's oral decision granted the plaintiff a judgment of absolute divorce on the grounds of cruel and inhuman treatment. Specifically, the trial court's opinion stated that the:

". . . husband was of a fault-finding nature, particularly with the plaintiff, and that he was critical of her, of her actions, of her attempts to perform her function as a mother. . . .

"That further that he made abnormal sexual demands upon the plaintiff, and for these reasons, as I said, I will grant a judgment of absolute divorce."

Neither the opinion nor the findings of fact contains any reference to the health of the plaintiff.

The total testimony in the record concerning the health of the plaintiff is set out below:

"Q. Mrs. Jacobs, has the action, this course of treatment which you have described by your husband towards you affected your health? A. Very definitely.

"Q. In what manner? A. Physically, I have—I have had to take medication.

"Q. What medication are you now taking? A. I take Pheoranol. I have had to—I have a prescription for Demerol that the doctor gave me and two occasions he came to the house and gave me a shot of morphine.

"Q. And what doctor has been attending you? A. His name is Dr. Baker.

"Q. And do you attribute this physical condition of yours to this course of treatment that you have described of your husband towards you? A. Yes, I do.

"Mr. Snyder [defendant's counsel]: Court please, I will object to that in the absence of any expert testimony. That's a medical conclusion.

"The Court: The conclusion may be stricken. All right.

"Mr. Sheets [Plaintiff's counsel]:

"Q. For how long a period of time have you been under this doctor's care? A. I guess about a year and a half. . . ."

On cross-examination:

"Q. Now, you said that you were ill as a result of the conduct of your husband, did you not? A. Yes, I did."

(The witness then testified that no physician had ever told her she was on the verge of a nervous breakdown, either before the divorce action was begun or after.)

The plaintiff also testified on cross-examination that she had been slapped by her husband. Her testimony was impeached by a prior statement before a court commissioner when she stated that her husband never struck her. The plaintiff then testified that she never considered that her husband was brutal.

*Failure to Corroborate the Plaintiff's Testimony.*

Sec. 247.18 (2), Stats., provides:

"No judgment of annulment, divorce or legal separation shall be granted on the testimony of the party, unless the grounds therefor and required residence are corroborated by evidence other than the testimony of the parties, except the ground of cruel and inhuman treatment when no corroborating evidence is available. No stipulation by the parties shall satisfy the requirements of this subsection."

This court described in *Heffernan v. Heffernan* (1965), 27 Wis. 2d 307, 312, 313, 134 N. W. 2d 439, the necessary proof which must be offered by a party seeking a divorce on the ground of cruel and inhuman treatment:

". . . no precisely described or enumerated acts of one spouse toward another can be defined as cruel and inhuman treatment. In order to constitute cruel and inhuman treatment, such as to warrant the granting of a divorce or a legal separation, the court must consider the totality of conduct and the detrimental effect it has upon necessary marital relationships and its grave effect upon the health of the other spouse. *The conduct of the offending spouse must be unreasonable and unwarranted, it must render the parties incapable of performing their marital duties, and it must have a detrimental effect upon the physical or mental health of the offended spouse. . . .*" (Emphasis supplied.) *See also: Moonen v. Moonen* (1968), 39 Wis. 2d 640, 644, 159 N. W. 2d 720; *Jackowick v. Jackowick* (1968), 39 Wis. 2d 249, 252, 159 N. W. 2d 54; *Mecha v. Mecha* (1967), 36 Wis. 2d 29, 33, 152 N. W. 2d 923; *Gauer v. Gauer* (1967), 34 Wis. 2d 451, 454, 455, 149 N. W. 2d 533; and *Newton v. Newton* (1967), 33 Wis. 2d 182, 188, 189, 147 N. W. 2d 328.

The testimony of the wife, though skeletal, appears sufficient to meet her burden of proof that her husband's conduct gravely affected her health. It must be conceded that her testimony was not corroborated. When there is no corroboration of proof which is necessary for a divorce, there should be a showing that such corroboration was not available. It would appear that sec. 247.18 (2), Stats., requires corroboration not only of the cruel and inhuman conduct, but also of the fact that the conduct

has a grave detrimental effect upon the physical or mental health of the offended spouse.

However, the failure of the plaintiff to corroborate her testimony regarding her health does not require a reversal of this case. As pointed out in *Lindahl v. Lindahl* (1963), 19 Wis. 2d 379, 384, 120 N. W. 2d 142, 121 N. W. 2d 286, the failure of the defendant to deny the plaintiff's allegation in a contested divorce is sufficient corroboration to support the judgment. *See also: Merten v. National Manufacturers Bank* (1965), 26 Wis. 2d 181, 131 N. W. 2d 868; and *Swenson v. Swenson* (1944), 245 Wis. 124, 13 N. W. 2d 531.

*Lack of Necessary Finding of Fact.*

In its findings of fact, the trial court made no finding that the plaintiff's mental or physical health was detrimentally affected by the defendant's conduct. Nor was there any statement concerning the plaintiff's health in the court's oral opinion. There was a finding that the defendant had been guilty of a course of cruel and inhuman treatment toward the plaintiff which "entitled her to an absolute divorce." The plaintiff contends that the use of the words "entitled her to an absolute divorce" sufficiently implies that all the required evidentiary proof had been submitted. We do not believe such a conclusion follows. It is at least as likely that the trial court entirely failed to consider whether the evidence established the requisite detrimental effect upon the plaintiff's health.

In any event, this court has an established rule which applies to this situation:

". . . when there is a failure to make a finding of fact, this court on appeal may adopt one of three courses: (1) Affirm the judgment if clearly supported by the preponderance of the evidence, (2) reverse if not so supported, or (3) remand for the making of findings and conclusions. . . .

". . . In contested domestic relations and family-law cases we are inclined to take the third alternative and remand the case for the making of additional findings. . . ." *Walber v. Walber* (1968), 40 Wis. 2d 313, 319, 161 N. W. 2d 898.

The entire testimony relating to the wife's health was set out earlier in this opinion. We believe it is quite apparent that if the proper finding of fact had been made, the minimal evidence in the record would have been sufficient to support such a finding. However, since there is a failure to make an essential finding of fact, we think the third alternative rule stated in *Walber v. Walber, supra,* is applicable. The case must be remanded for the making of the additional finding relative to the detrimental effect, if any, the defendant's conduct had upon the plaintiff's health.

### Can Sexual Conduct Constitute Cruel and Inhuman Treatment?

The trial court's findings of fact included the following:

"Fifth. That the defendant has been guilty of a course of cruel and inhuman treatment towards the plaintiff entitling her to an absolute divorce, more specifically, that the defendant was of a fault finding nature particularly with the plaintiff; that he was critical of her actions, of her attempts to perform her function as a mother; that further the defendant made abnormal sexual demands upon the plaintiff."

The defendant contends that his sexual conduct was not abnormal, and that, even if the conduct was considered to be abnormal, sexual activity between married persons without the use of force, violence or brutality could not constitute cruel and inhuman treatment. This argument can only be construed as a claim that the evidence does not support a finding of cruel and inhuman treatment.

No useful purpose would be served in detailing the sexual conduct which the wife complains of. We think the briefs overstate the importance of the sexual conduct to this divorce proceeding. We agree with the husband's contention that sexual activity between married people, without the use of force, violence or brutality, could not constitute cruel and inhuman treatment. Here the sexual conduct complained of was engaged in by both parties during their marriage for many years. As far as evaluating the testimony, the wife's claim that her participation was without consent is unbelievable.

However, even putting aside entirely the sexual conduct involved in this case, the record still supports the finding of cruel and inhuman treatment. The record indicates that the defendant constantly found fault with the plaintiff, that he continually criticized and embarrassed her in the presence of others, and that he was a domineering and uncompromising person. The wife's testimony was corroborated by two of her children and by a neighbor. Although it should be noted that this record contains a bare minimum of evidence necessary to support a finding of cruel and inhuman treatment, the evidence is indeed there. The trial court's finding was not against the great weight and clear preponderance of the evidence.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings as indicated in the opinion. No costs allowed on this appeal.

BEILFUSS, J. (*dissenting*). I agree with the opinion of the majority that the findings of fact are not sufficient to support the conclusion of law and judgment and, therefore, agree the judgment should be reversed.

From a review of the record and the emphasis of counsel in this appeal it appears the basic complaint was the claimed abnormal sexual conduct on the part of the husband. I also agree that sexual conduct participated

in by the complainant for several years without objection cannot constitute cruel and inhuman treatment. Because this element probably played a dominant role in the proof offered by the parties and in the formulation of the findings of fact by the trial court, I would reverse the judgment and order a new trial in the interests of justice under the authority of sec. 251.09, Stats.

I am authorized to state that Mr. Justice HEFFERNAN and Mr. Justice ROBERT W. HANSEN join in this dissent.