MASON, Respondent, v. MASON, Appellant.

*No. 122. Argued September 30, 1969.—Decided October 28, 1969.*
(Also reported in 171 N. W. 2d 364.)

For the appellant there were briefs by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Reuben W. Peterson, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Peterson.*

For the respondent there was a brief by *Cannon, McLaughlin, Herbon & Staudenmaier,* attorneys, and *Ellis R. Herbon* of counsel, all of Milwaukee, and oral argument by *Ellis R. Herbon.*

CONNOR T. HANSEN, J. Two issues are presented on appeal:

(1) Was the evidence sufficient to establish cruel and inhuman treatment; and

(2) Was the court award of property to the wife excessive?

*Evidence of cruel and inhuman treatment.*

Defendant initially argues that the findings of fact made by the trial court are so inadequate and general as to require this court to review the record and make an independent determination whether there is credible evidence to support the ultimate fact findings of the trial court.[1]

The defendant relies on *Walber v. Walber* (1968), 40 Wis. 2d 313, 161 N. W. 2d 898, wherein this court reviewed the record and found the judgment was supported by a preponderance of the evidence. However, in *Walber* no findings of fact were made by the trial court and this court stated:

"In cases involving family law, it is especially helpful to this court that adequate findings of fact are made. A trial court's duty only extends to finding *ultimate facts* upon which a judgment rests, *Finkelstein v. Chicago & N. W. Ry.* (1935), 217 Wis. 433, 259 N. W. 254, and there is no exception in the statute for divorce cases; nevertheless, more specific findings *should be* made upon request of counsel." (Emphasis added.) *Walber, supra,* 319.

Unlike *Walber,* the trial court in this case made findings of fact. In the absence of request, the trial court's duty extends only to ultimate facts, and defendant cannot now complain of the lack of evidentiary detail in the trial court findings when no request was put to the trial court before this appeal. Ultimate findings of fact were made and it is well settled that these findings must be affirmed unless contrary to the great weight and clear preponderance of the evidence.

"It is settled law that the findings of fact of a trial court on appeal from a divorce judgment must be af-

[1] On rebuttal, during oral argument, the defendant argued lack of corroboration. However, as we view the record this issue is not properly before us on this appeal.

firmed unless contrary to the great weight and clear preponderance of the evidence." *Gauer v. Gauer* (1967), 34 Wis. 2d 451, 454, 149 N. W. 2d 533.

The plaintiff testified that defendant continuously argued, using foul language in belittling her, keeping her under strain and undermining her self-confidence; ignored her and the children; gave her the "silent treatment;" and attempted to hurt her while presenting a charming facade to the outer world. Plaintiff also testified that defendant on occasion physically abused the children and generally treated them in such derogatory fashion as to make plaintiff miserable and physically sick. Plaintiff sought medical treatment for ulcers and lower abdominal pain which the doctor attributed to home conditions. Plaintiff underscored her contentions with a number of specific examples which need not be discussed.

Defendant testified extensively concerning his activities with the children: YMCA and church programs, together with accompanying them on fishing and hunting trips. He also related a number of family parties, dinners and weekend trips. Defendant argues this evidence refutes much of plaintiff's testimony, and also claims the specific arguments referred to by plaintiff were trivial and ones in which the plaintiff usually had her way.

Defendant did not deny that he belittled or degraded plaintiff, nor did he deny the instances of abusing the children and the physical impact all of this had on the plaintiff. In addition, the social activities of the defendant were not necessarily inconsistent with plaintiff's claims that defendant was making her life unbearable at home and that he conducted himself in an entirely different manner when away from home. Nor does the fact plaintiff often "won" arguments mean the defendant's conduct was reasonable, warranted and of no detrimental effect on the physical or mental health of plaintiff. The totality of the conduct must be considered.

*Heffernan v. Heffernan* (1965), 27 Wis. 2d 307, 134 N. W. 2d 439.

Defendant also cites *Mecha v. Mecha* (1967), 36 Wis. 2d 29, 34, 152 N. W. 2d 923, wherein this court stated:

"The plaintiff also contends that the conduct of the defendant toward her constituted calculated cruelty. Among other things, she supports this by his expression toward her of the 'silent treatment' and such acts as his turning on the television to excessive volume when she attempted to sleep. An examination of the entire record confirms that these actions did not constitute calculated cruelty.

"It is true that a sullen, morose, and fretful temperament and disposition may make a spouse very uncompanionable, but it does not follow that the exhibition of those qualities in the temperament of a person is necessarily cruel and inhuman treatment within the meaning of the statute. *Johnson v. Johnson* (1900), 107 Wis. 186, 83 N. W. 291."

However, this language was limited by further discussion in the same opinion:

"The trial court had ample opportunity to observe plaintiff and to form its own evaluation of her. On this record we must assume that it did not find her to be the type of person who was too much upset or disturbed by defendant's acts alleged to constitute cruel and inhuman treatment.

"The court's opinion herein should not be interpreted to mean that the acts of a husband of a like or similar kind to those before us in this case will never support a finding of cruel and inhuman treatment sufficient to warrant a decree of divorce. Such acts might support a finding of cruel and inhuman treatment, given a wife of a more sensitive nature and nervous temperament than the instant plaintiff." *Mecha v. Mecha, supra,* 35.

In the present case, the trial court had ample opportunity to observe plaintiff and there is evidence that she is a sensitive person. The trial judge is in a far better position than this court to determine whether the acts of

the defendant would be sufficient to constitute cruel and inhuman treatment.

"The weight of the evidence and the credibility thereof were matters entirely within the province of the court as the trier of the facts." *Gordon v. Gordon* (1955), 270 Wis. 332, 340, 71 N. W. 2d 386.

"It is apparent that the trial court in this action placed a great deal of importance on the credibility of the plaintiff and refused to accept his version of the facts in the face of the conflict in the testimony. The trial court is in better position than the supreme court to make a judgment concerning credibility and a judgment so made should not be disturbed." *Moonen v. Moonen* (1968), 39 Wis. 2d 640, 646, 159 N. W. 2d 720.

"Clearly this record presents a classic example of where the credibility of the witnesses and the weight of the testimony must be left to the judicious determination of the trial court. The testimony offered by either side was not inherently incredible, but as stated by the able trial judge, 'One almost cannot believe one without converting the other into being a prevaricator.' The trial court had as guides, imperfect as they may be, the appearance and demeanor of the witnesses in response to questions, the nature, reasonableness and probability of the testimony, their attitude and demeanor toward the court, officers of the court, the other party and witnesses, and other incidents and observations that tend to lend or detract credibility and weight in determining the truth of the matter." *Heffernan v. Heffernan, supra,* 314.

The findings of the trial court are not against the great weight and clear preponderance of the evidence.

*Division of property.*

Defendant argues the final division of property is inequitable, unjust and an abuse of the trial court's discretion. The claim is again made that the trial court failed to explain the rationale on which the division of property is based, and this court is now asked to review all the evidence, change the property division and decrease the award to the plaintiff.

Based on the briefs and oral argument, there are a number of factual issues involved in the determination of whether or not some of the assets are attributable to the parties. Thus it would have been helpful had the trial court outlined the considerations made in arriving at a division of property. However, defendant, while asking this court to review all the evidence, has ignored sec. (Rule) 251.34 (3), Stats.,[2] and his brief is completely barren of any reference to the record or appendix. In addition, there is no indication defendant requested the trial court to detail any findings related to the division of property.

Defendant's main argument centers on the relative amount of assets possessed by the plaintiff independent of her husband. Defendant claims these assets, combined with the final settlement, gives plaintiff 67.6 percent of the total assets owned by both plaintiff and defendant and constitutes an unconscionable result.

Before discussing the details concerning the assets of the parties, it must be pointed out the division of property in this state is based on the property of the husband and not on the combined holdings of both husband and wife. Sec. 247.26, Stats., states in part:

". . . The court may also finally divide and distribute the estate, both real and personal, *of the husband,* and so much of the estate of the wife as has been derived

---

[2] "Rule 251.34 In calendar causes the appellant or plaintiff in error shall print a brief and appendix in conformity with the following rules:

". . . .

"(3) After the statement of the questions involved, the facts shall be stated in a clear and concise manner eliminating all immaterial details. Reference shall be made to the page of the appendix for each statement of fact made in the brief as to which there is a possibility of dispute. If reference is made to the record, the page of the record shall be given. When a question raised upon appeal involves a statute so much thereof as is necessary to a decision of the case shall be printed at length."

from the husband, between the parties and divest and transfer the title of any thereof accordingly, after having given due regard to the legal and equitable rights of each party, the ability of the husband, the special estate of the wife, the character and situation of the parties and all the circumstances of the case; . . ." (Emphasis added.)

"As a general rule, this court has often stated that 'an award of one third of the *husband's* net estate to the wife is a proper starting point, subject to increase or decrease according to circumstances.'" (Emphasis added.) *Spheeris v. Spheeris* (1967), 37 Wis. 2d 497, 509, 510, 155 N. W. 2d 130.

The relative value of the wife's property is merely one of many factors to be considered when establishing whether the award should be more or less than this one third.

No alimony was awarded and the issue of alimony is subject to review only in the event the plaintiff should become a public charge, and then review will be on the merits. Awards for the support of children are not at issue.

As a full, final and complete division of property between the parties, the trial court awarded plaintiff the residence held in joint tenancy, valued at $49,000; the household furniture and furnishings, except those items of personal property specifically owned by the defendant; and $60,000 in cash.

Plaintiff has stated her interest in the residence is one half, or $24,500. Defendant argues the home was bought primarily with funds given him by his parents ($35,000) while plaintiff contributed only $3,000 to the purchase of the home. Accepting, without deciding, defendant's view, the value of defendant's share of the residence would be $45,080.[3] Add to this $2,250, representing one-half interest in the household furnishings, together with stock,

---

[3] This figure is based on defendant's contribution of 92 percent of the original purchase price and the current $49,000 value of the home.

cash and other assets valued at $275,147, and defendant's assets totaled $322,477.[4]

Plaintiff was awarded the residence ($45,080, which equals defendant's share); the household furnishings ($2,250, which equals defendant's share); and $60,000 cash for a total of $107,330, or 33 percent of defendant's total assets. One third is the recommended starting point in division of property, and is where the trial court in this case stopped.

Division of property is a matter peculiarly within the discretion of the trial court[5] and there are a number of factors which must be taken into account.

"In *Strandberg v. Strandberg* this court stated:
" 'Among the circumstances of the case which should be taken into consideration are age, health and ability of the parties to earn, the manner in which the estate was accumulated, the conduct of the parties, and length of the marriage.' " *Spheeris v. Spheeris, supra,* 510.

"The guidelines in property division cases were restated in *Radandt v. Radandt* (1966), 30 Wis. 2d 108, 113, 140 N. W. 2d 293:
" 'While the division of estate in a divorce action is peculiarly within the discretion of the trial court, this court has repeatedly laid down the guideline that in general a third of the estate is a liberal allowance to the wife

---

[4] There is no evidence that any of plaintiff's holdings were derived from defendant.

[5] " 'It has been frequently stated by this court that the division of property in divorce cases is a matter peculiarly within the discretion of the trial court, and that its determination must prevail in the absence of some mistake or error respecting the facts upon which it rests which would amount to an abuse of discretion. . . .
" '. . . The amount of alimony and support money to be paid by a husband to his divorced wife is also a matter peculiarly within the discretion of the trial court.' *Horel v. Horel* (1952), 260 Wis. 336, 340, 341, 50 N. W. 2d 673." *Jackowick v. Jackowick* (1968), 39 Wis. 2d 249, 259, 159 N. W. 2d 54.

subject to be increased or decreased according to special circumstances. In *Kronforst v. Kronforst,* we set forth four factors which would warrant granting an award of more than one third to the wife. These are a long period of marriage, complete lack of any separate estate in the wife coupled with her inability to support herself, low award of permanent alimony, and breakup of marriage due to husband's wrongful conduct.' " *Schmidt v. Schmidt* (1968), 40 Wis. 2d 649, 654, 162 N. W. 2d 618.

Defendant argues the substantial holdings of plaintiff and the fact that she earns an annual salary of $9,000 as a schoolteacher requires the award to plaintiff be decreased. In addition, defendant claims that most of the holdings of both parties were obtained by inheritance and that plaintiff did not, therefore, contribute anything to the accumulation of defendant's assets. It is questionable whether the value defendant has placed on plaintiff's total assets ($335,526) is correct.[6] Nevertheless, for the sake of discussion, it is assumed plaintiff's assets ($335,526) were greater than defendant's ($321,477). There are, however, a number of other factors which run counter to defendant's arguments and justify the award made by the trial court. When this action started, the

---

[6] Dispute has arisen on appeal as to the certainty of plaintiff's assets and whether attributing them to plaintiff is a matter of speculation. The first item is the residuary interest of the plaintiff in her father's testamentary trust along with plaintiff's sister. Based on the annual income of the trust, defendant calculated plaintiff's interest to be about $180,811. However, plaintiff has no present right to the trust assets as her mother, who is the trustee, receives all the income. Plaintiff will not receive any of the residuary interest until after the death of her mother, who, as trustee, has the right to change the assets in the trust.

Defendant also attributes $40,000 in Series E bonds to plaintiff in that she is listed as the sole owner of the bonds. On the other hand, plaintiff argues that her name was on the bonds only on the understanding she has with her mother that they are not to be used during her mother's lifetime except for the mother (in the event of the mother's serious illness) and, upon the mother's death, they are to be used for inheritance taxes, if needed.

parties had been married twenty years and plaintiff had given birth to and raised three boys.

"In the instant case, the plaintiff is presently forty years of age and the defendant is forty-three. The three minor children range in age from eleven to fifteen. When this action for divorce was commenced in 1961 the parties had been married a little over ten years. A wife who has given birth to and raised three children, as here, has made a significant contribution to the acquisition of the family's estate." *Spheeris v. Spheeris, supra,* 510.

In addition, about in 1957, plaintiff's parents gave defendant 1,170 shares of Valley Camp Coal Company stock which, on November 15, 1966, were valued at $24,570. The value of the stock was not this great when the gift was made, yet it constitutes another factor for consideration by the trial court.

No permanent alimony was awarded and there is evidence plaintiff contributed her dividend income to supplement household expenses. Finally, the breakup of the marriage was due to defendant's conduct and the trial court found him guilty of cruel and inhuman treatment. Misconduct of one of the parties does not mean division of property can be used as a means of punishment, yet it is another factor to be weighed by the trial court in determining an equitable property division.[7]

The various factors present in this case show no abuse of discretion in the award made to the plaintiff.

*By the Court.*—Judgment affirmed.

HALLOWS, C. J., took no part.

[7] *Spheeris v. Spheeris, supra.*