CARY, Appellant, v. CARY, Respondent.

*No. 307. Argued June 4, 1970.—Decided June 26, 1970.*
(Also reported in 177 N. W. 2d 924.)

For the appellant there was a brief by *Michael, Best & Friedrich,* attorneys, and *Herman E. Friedrich* of counsel, all of Milwaukee, and oral argument by *Herman E. Friedrich.*

For the respondent there was a brief by *Churchill, Duback & Smith,* attorneys, and *John D. Bird, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Bird.*

ROBERT W. HANSEN, J.   No formal findings of fact or conclusions of law were made or entered in this case. Where this is the situation, this court may look to the written decision of the trial court for facts found upon which the judgment is based.[1] We may do so, but we need not do so. In fact, in contested domestic relations and family-law cases, ". . . we are inclined to . . . remand the case for the making of additional findings. . . ."[2] Here the option to remand becomes an imperative for reasons we now spell out.

As to the complaint of the plaintiff, the trial court decision states only: "It is the opinion of the court that the testimony of the plaintiff and all the evidence presented does not establish grounds for divorce upon the plaintiff's complaint. . . ." While a trial court's duty to

[1] *Estate of Olson* (1955), 271 Wis. 199, 207, 72 N. W. 2d 717; *Breeden v. Breeden* (1959), 6 Wis. 2d 149, 150, 151, 93 N. W. 2d 854; *Estate of Kemman* (1960), 11 Wis. 2d 392, 396, 105 N. W. 2d 769.

[2] *Walber v. Walber* (1968), 40 Wis. 2d 313, 319, 161 N. W. 2d 898. *See also: Jacobs v. Jacobs* (1969), 42 Wis. 2d 507, 167 N. W. 2d 238.

make findings of fact extends only to finding the ultimate facts upon which a judgment rests,[3] "In cases involving family law, it is especially helpful to this court that adequate findings of fact are made."[4] The test of adequacy implies consideration and determination of the issuable facts which the party seeking to prevail adduced in support of his contentions. A mere holding that there has not been established the cruel and inhuman treatment alleged falls short of meeting the statutory requirement of adequate findings of fact.

As to the counterclaim of the defendant, the trial court decision states only: "It is the opinion of the court that upon her counterclaim the defendant has established grounds for a legal separation, . . ." This is not enough. Specific findings as to facts established by the defendant at the trial are required. Particularly when divorce or legal separation is sought on the ground of cruel and inhuman treatment, and ". . . the court must consider the totality of conduct and the detrimental effect it has upon necessary marital relationships . . .",[5] such consideration must be accompanied by comment and findings both as to facts which constitute cruel and inhuman treatment and as to the effect upon the health of the complaining spouse. As to the nature of the relief, the trial court decision states: "The defendant testified that she has conscientious objection to divorce and prays for a legal separation in her counterclaim." Where the relief granted is the relief sought, this is a sketchy but adequate basis for granting a legal separation rather than an absolute divorce. However, it is the court's

[3] *See: Damman v. Damman* (1911), 145 Wis. 122, 124, 128 N. W. 1062; *Cointe v. Congregation of St. John the Baptist* (1913), 154 Wis. 405, 417, 418, 143 N. W. 180; *Hixon v. Public Service Comm.* (1966), 32 Wis. 2d 608, 627, 628, 146 N. W. 2d 577; *Mason v. Mason* (1969), 44 Wis. 2d 362, 365, 171 N. W. 2d 364.

[4] *Walber v. Walber, supra,* 40 Wis. 2d at page 319.

[5] *Heffernan v. Heffernan* (1965), 27 Wis. 2d 307, 312, 313, 134 N. W. 2d 439.

finding, not the litigant's testimony, which upholds the conclusion that conscientious objection to absolute divorce exists.

As to the division of the estate of the parties, certain properties were awarded to the plaintiff, certain personal property and the homestead of the parties to the defendant. There are no findings of fact as to the division of estate. Wisconsin is not a state where the legislature has prescribed a statutory formula for division of property in divorce-separation cases.[6] In this state the formula fixed for division of property is the multiple of a number of individual factors.[7] However, the wide latitude given trial courts in equitably dividing marital assets requires that ". . . a firm foundation for such division must be laid by including in findings or decision the factors found relevant and considered by the judge in reaching his decision as to property division. . . ."[8] If, as here is the case, there are no findings of fact and the trial court decision does not indicate the basis on which the property was divided and the reasons for so doing, ". . . review of the fairness of the result reached become not just difficult; it becomes impossible."[9]

As to the portion of the judgment dealing with alimony, the principal contention of the plaintiff is that the trial court improperly considered his interest in an

---

[6] The Wisconsin statutes vest discretion in the trial court: ". . . The court may also finally divide and distribute the estate, both real and personal . . . between the parties and divest and transfer the title of any thereof accordingly, after having given due regard to the legal and equitable rights of each party, the ability of the husband, the special estate of the wife, the character and situation of the parties and all the circumstances of the case; . . ." Sec. 247.26, Stats.

[7] *Lacey v. Lacey* (1970), 45 Wis. 2d 378, 173 N. W. 2d 142. *See also: Martin v. Martin* (1970), 46 Wis. 2d 218, 174 N. W. 2d 468.

[8] *Id.* at page 386.

[9] *Ibid.*

employee retirement fund twice, once as a present asset and a second time as the sole source of his retirement income which, in the near future, will be the only source for alimony payments. Where there are no findings of fact, and where there is no reference to the basis for the amount of alimony or the division of assets, it is not possible to determine if the trial court did as the plaintiff claims. Such determination is a necessary preliminary step to considering the issue raised. Except to comment that the trial court was not required to include in its alimony award an adjustment effective upon the plaintiff's retirement, we do not deal with the issues raised as to alimony. The adjustment required to meet the changed circumstance of retirement is best considered at the time of the event, when contingent possibilities such as substitute or supplementary employment will be before the court. As to plaintiff's objection to a $400 contribution by him for the defendant's counsel fees on appeal, in light of her status as a housewife with minimal income and plaintiff's substantial monthly income, the award appears entirely reasonable.

For the reasons stated, the case will be remanded to the circuit court for the making of findings of fact: (1) As to the facts found requiring the dismissal of plaintiff's complaint; (2) as to the facts found which warrant the granting of a decree of legal separation on the ground of cruel and inhuman treatment to the defendant, including a finding as to the effect of such conduct upon her health; (3) as to the factors considered by the court in arriving at the division of property of the parties; (4) as to factors considered by the court in the award of alimony.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings consistent with this opinion.